136 So.2d 319 (1961)
John W. WARREN et ux., Plaintiffs-Appellees,
v.
YELLOW CAB COMPANY OF SHREVPORT, INC., Defendant-Appellant.
No. 9631.
Court of Appeal of Louisiana, Second Circuit.
December 27, 1961.
*320 Love & Rigby, Shreveport, for appellant.
Dixon & Malsch, Shreveport, for appellees.
Before HARDY, AYRES and BOLIN, JJ.
AYRES, Judge.
This is an action by plaintiffs, husband and wife, wherein the wife seeks to recover damages sustained in an accident while a fare-paying passenger in one of defendant's taxicabs, and wherein the husband, as head and master of the community of acquets and gains existing between him and his wife, seeks to recover hospital and medical expenses incurred in the treatment of the wife's injuries, and to recover wages lost by the wife by reason of said injuries.
From a judgment in favor of Mrs. Warren for $3,000 and in favor of her husband for $956, the defendant appealed.
The appeal presents for resolution, primarily, only issues of fact, and these relate generally to a question of defendant's liability and as to whether the awards were excessive. Additionally, the defendant questions the legal right of the husband to stand in judgment for the community and to recover the aforesaid hospital and medical expenses and lost wages.
On the question of liability, defendant-appellant assigns as error a finding of the trial court that an accident occurred in which Mrs. Warren could have been injured, or that she, in fact, sustained accidental injuries. In our review of the record, we discern no reasonable or substantial basis for disagreement with the aforesaid conclusions reached by the trial court.
Even though Mrs. Warren was the only witness testifying as to the occurrence of an accident, nevertheless her account of the occurrence is reasonably consistent and is supported by corroborating facts and circumstances. Obviously, defendant's driver reported the accident to his superior, for, soon after the occurrence, defendant's dispatcher caused plaintiff to be conveyed to a hospital. The accident occurred about 11:00 p.m., July 29, 1960, and, an hour-and-ahalf later, 12:30 a.m., July 30, 1960, plaintiff was admitted to the hospital.
Moreover, through examinations made immediately following plaintiff's admission *321 to the hospital, it was disclosed that she had sustained accidental injuries.
The record also establishes that the driver was discharged from his employment with the defendant the next day because he had been involved in an accident. It is not contended nor established that he was so involved subsequent to the time Mrs. Warren claims to have been injured.
We observe, also, that the driver was not called as a witness, nor was his testimony taken, nor was any showing made of any reasonable effort to secure his presence as a witness or to otherwise obtain his testimony. Defendant was informed of the address from which the driver had made application for unemployment compensation.
The accident occurred at the entrance to an alley in the 500 block of Common Street in the City of Shreveport. Plaintiff was en route by taxi from her place of employment at a local bus station to her apartment at the Courtland Hotel, located at the southeast corner of Common and Texas Streets. The taxi proceeded south on Common Street, made a left turn into the alley and then backed out in order to make a turn and reverse its course. In the maneuver, the taxi backed over the curb and then "being given the gas," "shot" forward, running over the curb on the opposite side of the alley, striking a street signpost, and inflicting the injuries upon plaintiff for which damages are sought.
The nature, extent, and duration of Mrs. Warren's injuries, together with the pain and suffering experienced as a result thereof, amply support the award made by the trial court. Mrs. Warren remained in the hospital for approximately four days under the treatment of Dr. J. C. Sanders, a general practitioner. Examinations made immediately following her admission to the hospital disclosed considerable muscle spasm in the area of the cervical spine, accompanied by considerable pain, localized primarily in her neck. Plaintiff was placed in traction and administered sedatives for relief of pain. Similar treatments were continued for at least two additional weeks while she was confined to bed in her apartment. She was also confined to her apartment for an additional period of one month.
Plaintiff's injuries were diagnosed by Dr. Sanders as of a whiplash type to her neck and an acute lumbosacral strain. These, he concluded, aggravated a pre-existing arthritic condition of her back, primarily in the cervical and lumbar areas of the spine. This arthritic condition, in this doctor's opinion, as well as that of Dr. H. R. Bicknell, an orthopedist who made subsequent examinations, delayed and prolonged plaintiff's recovery. In giving his testimony on the date of trial, seven months following the accident, Dr. Sanders expressed the opinion that plaintiff's improvement was only 50 to 60% complete and that probably there would be some permanent discomforting effects of the injury. Dr. Bicknell, who examined plaintiff first on December 15, 1960, and second only a few days prior to the trial date, made no substantial objective findings, but was in accord with Dr. Sanders in concluding that a pre-existing arthritic condition would delay and prolong recovery.
Defendant complains as to the allowance of recovery by the husband of hospital and medical expenses and for loss of wages sustained by the wife. Under the facts shown to exist in this case, we find no merit in this contention.
The general rule is that a cause of action for loss of a wife's wages and for the recovery of hospital and medical expenses incurred for the treatment of personal injuries sustained by her belongs to the community and can only be asserted by the husband as head and master of the community. LSA-C.C. Arts. 2334 and 2402; Fazzio v. Krieger, 226 La. 511, 76 So.2d 713; Succession of Howell, 177 La. 276,148 So. 48; Anderson v. Simmons, La.App. Orleans, 1954, 75 So.2d 34; Sanders v. P. & S. Insurance Company, La.App. 2d Cir., 1960, 125 So.2d 24.
*322 Defendant contends, however, that the claim for loss of the wife's earnings and for medical expenses incurred in treatment of the wife's injuries comes within the exception provided in LSA-C.C. Art. 2334, wherein it is stated that
"The earnings of the wife when living separate and apart from her husband although not separated by judgment of court, her earnings when carrying on a business, trade, occupation or industry separate from her husband, actions for damages resulting from offenses and quasi offenses and the property purchased with all funds thus derived, are her separate property."
This contention is predicated upon an alleged showing, in the instant case, that the husband and wife were living separate and apart. The evidence, in our opinion, does not support such a conclusion. Plaintiff husband is shown to have become such a well-known and confirmed alcoholic that he could not obtain employment in the vicinity. Nevertheless, he and his wife continued to live under a community of acquets and gains.
The phrase "living separate and apart" from her husband, though not separated by a judgment of court, does not encompass a situation where the spouses are separated by mere temporary absence of the husband from his home occasioned by the necessity of seeking employment elsewhere. There is no showing of a continuous, voluntary separation on the part of either the husband or wife. That the husband was an alcoholic or was derelict in the performance of many of his marital duties does not establish that the parties were living separate and apart, nor that the community estate had been abandoned or dissolved.
Nor does the record disclose any manifest error in the award made for the loss of the wife's wages.
Defendant, however, objects to the allowance of a bill of Dr. Bicknell in the sum of $30 as a proper charge for medical expenses. On the occasion for which this charge was made, plaintiff was sent to Dr. Bicknell not for treatment but merely for an examination and report in preparation of the case for trial. This item is, therefore, not properly allowable. McCrory v. Great American Indemnity Company, La.App.2d Cir., 1957, 92 So.2d 742; Watts v. Delta Fire & Casualty Company, La.App. 1st Cir., 1958, 106 So.2d 752; McKay v. Southern Farm Bureau Casualty Company, La.App. 1st Cir., 1960, 123 So.2d 658 (writs denied). Therefore, the award for medical expenses should be reduced by the amount of the aforesaid sum.
For the reasons assigned, the judgment appealed is amended by reducing the award in favor of John W. Warren to $926 and, as thus amended, it is affirmed at defendantappellant's cost.
Affirmed.