DIXON, Judge.
Plaintiff was injured in a railroad crossing accident in Mansfield on February 9, *745 1968. He obtained judgment for $2,426.43 for personal injuries and expenses plus $100.00 for expert witness fees. The defendant railroad appeals and Wiggins answers the appeal, praying for an increase in the award.
The accident occurred at a place in Mansfield where Gibbs Street crosses three sets of railroad tracks. Three trains figured in the accident. Of the three sets of tracks at the crossing, the set in the center was the main line. The tracks to the east and the west were passing tracks. Two trains were parked on the easterly siding or passing tracks. Wiggins was driving on Gibbs Street and approached the trains from the east. It was his contention that the local freight train (on which Fulkerson was the engineer), parked about 20 feet north of the edge of Gibbs Street, hid from his view the southbound passenger train with which he collided.
In addition to Fulkerson’s freight train to his right, there was a northbound passenger train parked on the same siding track to Wiggins’ left as Wiggins approached the tracks.
The employees of the railroad testified that Fulkerson was on the southerly edge of Gibbs Street flagging Wiggins, and making every effort to inform him of the danger. If the testimony of the train crews is accepted, the railroad would be absolved from liability, and Wiggins would be guilty of negligence in failing to stop and in failing to obey the flagman.
On the other hand, Wiggins testified that he did stop before he attempted to cross the railroad tracks. There was some noise produced by the freight engine parked 20 feet from the edge of the street; that same engine prevented his viewing the southbound passenger train with which he collided (approaching from Wiggins’ right) until Wiggins actually crossed the easterly passing tracks and cleared the freight engine blocking his view. Wiggins did not observe Fulkerson’s efforts to flag him.
Two disinterested witnesses seated either on the front porch or in the yard of a small house adjacent to the tracks some distance from the crossing also testified that Wiggins stopped, and corroborated his testimony in other respects.
There is evidence in the record which justified the trial court’s accepting the testimony of plaintiff’s witnesses. The written statements some of the railroad crew members gave in their report of the accident conflict with some of the testimony given at the trial. Fulkerson, who assumed the duty of flagging at the crossing while the two parked trains awaited the southbound passenger train, had left his position in Gibbs Street and had walked along the track in a southerly direction to talk with the engineer of the northbound passenger train. When the southbound passenger whistled its departure from the Mansfield depot, Fulkerson testified that he returned toward Gibbs Street. He was equipped with a red cloth which he used as a flag. The railroad witnesses were uniform in their testimony that the passenger train had reached a speed of about 18 miles an hour when it reached Gibbs Street. Fulkerson testified that, as he approached Gibbs Street and attempted to warn Wiggins, Wiggins was looking away from Fulkerson and toward the direction from which the southbound passenger train was approaching.
We cannot say that the trial court was in error in holding that the combination of circumstances leading to this accident amounted to negligence on the part of the railroad. Two trains parked near the street, one only 20 feet from the edge of the street, effectively shielding the view of the main line from traffic approaching as the plaintiff approached, created a virtual trap. Under such circumstances the flagman should have been positioned in a spot where an approaching motorist could not have failed to observe him if he had kept the street under observation. Instead, Fulkerson had, by his own testimony, only *746 reached the southerly side of Gibbs Street at the time when the collision was imminent.
Nor are we prepared to say that the trial court’s failure to find Wiggins guilty of contributory negligence is erroneous. The burden of proving contributory negligence is on the defendant. The evidence concerning Wiggins stopping and concerning his exercise of care in negotiating the crossing is contradictory. The defendant has failed to prove Wiggins’ contributory negligence by a preponderance of the evidence.
Wiggins’ escape from the accident seems miraculous. His automobile was carried about 140 feet by the southbound passenger train, until it reached the northbound passenger train parked on the passing track. Then Wiggins’ car was balled up and rolled between the two trains. His gasoline tank was ruptured and he was soaked with gasoline. The skill and wisdom of the railroad crew who extricated him prevented his immolation. Wiggins was hospitalized for two days, given a tetanus shot, was x-rayed and examined. He was conscious and lucid when removed from the automobile. An orthopedist’s examination almost two weeks after the accident showed a possible fracture of the scapula, contusions and sprains in the right cervical area and the jawbone. Less than a month after the accident the plaintiff complained of some discomfort of the scapula and rib cage. Plaintiff fully recovered from his physical ailments. He attempted to establish some traumatic neurosis as a result of the accident. Plaintiff’s counsel urgently pleaded before this court that Wiggins was entitled to compensation for his “last 150 foot ride on the KCS.”
While the injuries to Wiggins were neither severe nor permanent, we are of the opinion that $1,500.00 is an insufficient award. For about a month and a half after the accident Wiggins was required to wear a cervical collar and a rib belt which restricted his normal activities. While the condition was not permanent, the psychiatrist did find evidence of neurosis resulting from the accident when he first examined Wiggins. Wiggins had reached a normal condition by November of 1968.
The award to Wiggins for his personal injuries should be increased to $2,500.00, which will be added to the stipulated special damages of $926.43.
Consequently, the judgment of the district court is amended, and there is now judgment in favor of plaintiff, George Leon Wiggins, and against the defendant, The Kansas City Southern Railway Company, in the full sum of $3,426.43, together with legal interest from date of judicial demand until paid, and for all costs, including expert witness fees as fixed by the district court.
The judgment is affirmed as amended.