BLANCHE, Judge
(dissenting).
The record does not support a finding that the plaintiff was guilty of contributory negligence. The defendant must prove by a preponderance of the evidence that the plaintiff was guilty of contributory negligence, Wiggins v. Kansas City Southern Railway Company, 240 So.2d 744 (La. App. 2nd Cir. 1970), and to arrive at this conclusion we must make certain assumptions to overcome the factual findings of the trial judge. The majority assumes the contributory negligence of the plaintiff was obvious because of the length of the trailer (54 feet), the slow speed at which it “must have entered the intersection” and the “length of time” it took to cross the intersection to the point of collision and that regardless of the speed of the plaintiff’s vehicle, he should have seen the truck in time to avoid the collision. This conclusion is based on assumptions of speed and time, the validity of which depends more on my colleagues’ sense of logic than on evidence. Mr. Lee did not estimate his speed but stated that his rig took off slowly because of the manner in which he was required to shift and that it took him approximately eight or ten seconds (an estimate) from the time he reached the barricade to proceed to the point of the collision. On the other hand, the plaintiff testified that as he approached the intersection he saw the truck stopped at the barricade and proceeded on, and thereafter when the truck proceeded out into the intersection, he applied his brakes and slid into the truck. It must be remembered that Mr. Lee did not see the plaintiff at all. Further, considering the fact that Mr. Lee stopped at the barricade before proceeding into the intersection, plaintiff had every right to assume that he would remain stopped until the way was clear. Thus, the trial judge did not accept the unsupported statement by the driver Mr. Lee as to the length of time it would take him to cross the highway with his tractor-trailer rig, and rightly so, as there is no evidence as to any road test of any type to clock the truck so as to ascertain the exact length of time it would take an unloaded truck to make such a clearance. The majority is overruling the trial judge’s conclusion that Thomas, on the superior highway, was in such close proximity to the tractor-trailer when it started across the highway that he was unable to stop and accepting the unsupported statement of the defendant-driver as to the length of time and speed at which it would take to make such a maneuver that plaintiff should have seen him in time to stop. The evidence justifies the conclusion of the trial judge, and our only right to overrule him is in a case of manifest error.
A manifest error is an error which is “clearly or obviously, wrong or in error,” Thompson v. Audubon Insurance Company, *539 101 So.2d 752 (La.App. 1st Cir. 1958) or “ ‘evident’, ‘apparent’, ‘clear’, ‘visible’, ‘unmistakable’ and ‘indiputable’ ”, Norman v. State, 69 So.2d 120 (La.App. 2nd Cir. 1953), reversed on other grounds, 227 La. 904, 80 So.2d 858 (1955).
On reconsideration I am unable to conclude that there is manifest error in the judgment of the trial court and, therefore, dissent from the refusal to grant a rehearing.