BLANCHE, Judge.
This is a claim for damages by plaintiffs, Mr. and Mrs. Courtney B. Fugler, arising out of an accident which occurred in defendant’s A & P food store on August 26, 1967. The accident took place shortly after plaintiffs had completed their shopping and were in the process of exiting from defendant’s store.
It is undisputed that Mr. Fugler left the check-out counter and aisle before his wife. Mrs. Fugler stayed behind to pick up some eggs and to put the change from the purchase of groceries in her purse. As she cleared the check-out aisle, she turned to her right, as if to approach the store exit, and tripped over a case of beer which was located at the end of an adjacent check-out aisle.
Plaintiffs argue that the case of beer was a hazard literally “under the noses” of the store employees. In other words, the hazard was so conspicuous that it should have been noticed and remedied, and the defendant’s failure to do so should result in liability for Mrs. Fugler’s injuries.
The defendants do not deny that the presence of the case of beer on the floor created a hazard. What is contested, however, is the defendant’s responsibility, under the circumstances of this case, for the injuries sustained by Mrs. Fugler.
The trial judge correctly concluded that the evidence did not support a finding that the defendant-storekeeper was at fault in failing to discover the hazard prior to the accident. Defendant’s cashier testified that immediately prior to the accident a customer had purchased a case of beer. Defendant’s store manager testified that immediately after the accident a customer picked up the case of beer and left the store. Although it is not known who placed the case of beer on the floor, or why, it does not follow that we are compelled to conclude that one of defendant’s employees was responsible. There is no presumption of fault in this case, nor, of course, does res ipsa loquitur apply. ■
The law is clear that a storekeeper owes a duty to provide a safe place for his customers to shop; also, it is well settled that a storekeeper does not insure the safety of all of his customers regardless of the circumstances surrounding accidents in the store that result in personal injury.
Liability is conditioned on a showing that the storekeeper had either actual or implied knowledge of the danger. In the present case there is no proof that an employee had placed the case of beer on the floor. A showing of implied knowledge would require proof that a third party had placed the beer on the floor and the storekeeper either knew or should have known of the potential hazard. The lower court found that the case of beer had been on the floor for only a brief period of time, probably in connection with an immediate purchaser’s preparations to leave the store with her goods. In any case, the plaintiffs were unable to sustain the burden of proving the defendant-storekeeper’s implied knowledge of the hazard and consequently his fault.
Accordingly, we affirm the judgment of the lower court at plaintiffs’ cost.
Judgment affirmed.