331 So.2d 216 (1976)
Louise CHARLES
v.
SEWERAGE AND WATER BOARD OF NEW ORLEANS.
No. 7375.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1976.
Rehearing Denied May 18, 1976.
Writ Refused July 2, 1976.
*217 Adams & Geraghty, Barry R. Geraghty, New Orleans, for plaintiff-appellee.
John A. Gordon and Vincent T. LoCoco, Richard M. Olsen, New Orleans, for defendant-appellant.
Before LEMMON, MORIAL and BEER, JJ.
BEER, Judge.
Plaintiff-appellee, Louise Charles, a lady seventy-three years of age, instituted this suit against defendant-appellant, Sewerage and Water Board of New Orleans (hereafter, S&WB) seeking damages for injuries sustained on November 9, 1973, when around noon, she allegedly fell into an uncovered manhole located in or adjacent to the pedestrian walkways in the intersection of Poydras and Baronne Streets. From a judgment in her favor in the total amount of $3,700 ($3,250 for general damages and $450 for medical expenses), S&WB suspensively appeals contending that the trial court committed error in: finding that the open manhole was not sufficiently barricaded so as to warn of its danger; failing to find Mrs. Charles contributorily negligent; determining that Mrs. Charles was the proper party to recover for medical expenses when she was not judicially separated or divorced from her husband (citing LSA-C.C.P. Article 686); assessing costs against S&WB in violation of LSA-R.S. 13:4521; and awarding excessive damages.
Mrs. Charles contends that she fell into an uncovered drainage manhole located immediately adjacent to the pedestrian crosswalk in Poydras Street where it intersects with Baronne. She was obliged to step outside the designated crosswalk because of a cone-type barricade positioned immediately in front of her which necessitated her lateral movement in order to complete crossing the street. She maintains that cone-type barricades blocked her progress but did not surround the open manhole into which she fell. She was looking "right straight in front of you" prior to the incident. Her testimony regarding physical description of the site of the incident is generally corroborated by Mr. Edward Brooks. He did not see her fall, but his description of the area is essentially similar to that presented by Mrs. Charles.
S&WB's position is that only sewer manhole covers were open in the immediate area with cone-type barricades erected around them as warnings to both pedestrians and vehicular traffic. They contend that no drainage manhole covers were removed on the day in question and strenuously urge that Mrs. Charles' description of the location of the opened manhole which caused her injury requires the conclusion that it was a drainage manhole opening. In support of this contention, members of the work crew were called and did testify that no drainage manhole covers had been removed.
Mr. Poche, foreman of the S&WB crew, observed that there were several sewer manholes in the area of the Poydras Street crosswalk. One sewer manhole, located in the crosswalk, served an abandoned line which his crew did not work on that day. His crew did work on the sewer line which was accessible by a manhole opening which was located immediately adjacent to the crosswalk of Poydras Street. However, Mr. Poche was positive that he and his crew had set up protective cone-type barricades all around this opening. One other manhole located near the intersection (but not involved in any way in this incident) was also opened and the same procedure *218 followed. To the best of his knowledge, no drain cover was ever removed on the date of the accident.
The trial court apparently did not feel the need to reach a definitive conclusion about which particular hole (drain or sewer) Mrs. Charles had fallen into, since
". . . The court is satisfied from the evidenceand finds as a fact that plaintiff did fall into a manhole which was not sufficiently barricaded or protected, in such a manner as to warn a pedestrian of its being open."
(Written Reasons for Judgment)
The issue of plaintiff's alleged contributory negligence was not discussed in the written Reasons for Judgment. The trial judge took notice of the fact that the parties had stipulated that defendant had control over all the various manholes (and manhole covers) in the area and, accordingly, imposed liability. Obviously, then, the trial judge concluded that Mrs. Charles was not contributorily negligent.
Overall, we believe that the trial court's determinations with respect to both negligence and contributory negligence are subject to the manifest error rule announced in Canter v. Koehring Co., 283 So.2d 716 (La.1973). Applying same to this record begets no response which demands reversal.
Turning to the quantum of the award, including medical expenses and court costs, we first note that LSA-R.S. 13:4521 provides that the State, its subdivisions, boards and commissions are not subject to pay court costs except the stenographer's cost for taking testimony. Thus, that portion of the judgment which casts Sewerage & Water Board for all other costs must be set aside.
As to medical expenses, the general rule is that the cause of action for same instituted as a result of injuries occasioned to a wife belongs to the community and must, therefore, be asserted by the husband as head and master. Warren v. Yellow Cab Co. of Shreveport, Inc., 136 So.2d 319 (La.App. 2nd Cir., 1961); LSA-C.C. Articles 2334 and 2402. However, in Johnson v. Shreveport Transit Co., 137 So.2d 463 (La.App. 2nd Cir., 1962), a wife who was separated from her husband for many years and who lived upon her own earnings, was allowed to bring an action for medical expenses and for loss of wages and was permitted to recover such items of loss as separate property. Mrs. Charles has been separated from her husband, non-judicially, for forty years. We apply the Johnson rationale and permit her recovery. We agree with the trial court's observations regarding the excessiveness of the bill of Dr. Fisher but find no basis in the record upon which the amount can properly be reduced.
As to general damages, we note that Mrs. Charles was seen by Dr. William Fisher on November 14, 1973. He observed an acute contusion with a large hemotoma on the left thigh, a severe strain of the lower back on the left, and a small area of contusion and abrasion at the front of the right ankle. She remained under his care through April 8, 1974. Treatment of Mrs. Charles' minor to moderate injury was confined to two or three office consultations plus a substantial number of physiotherapy visits apparently handled by the treating physician's office personnel. The total medical bill, including the numerous physiotherapy sessions, was $450.00, which, as noted above, seemed high to the trial judge and to us, considering the circumstances.
Nevertheless, the overall award, which totals $3,700.00, does not demand reduction under the criterion that we are obliged to apply. Accordingly, the judgment of the Civil District Court for the Parish of Orleans is amended to delete the imposition of court costs (other than stenographic fees) and, thus amended, is, in all other respects, affirmed. Each party shall bear its own costs of this appeal.
AMENDED AND AFFIRMED.