LANDRY, Judge.
Defendants F. W. Woolworth and The Travelers Insurance Company, Woolworth’s liability insurer, appeal from judgment awarding plaintiffs Mattie Hutchinson and Thomas Hutchinson, husband and wife, damages for personal injuries sustained by Mrs. Hutchinson in a fall in Woolworth’s Hammond, Louisiana store. We affirm.
Plaintiff’s petition alleges the fall occurred on or about December 11, 1973, when Mrs. Hutchinson slipped on the floor of the Woolworth store made slippery by the use of a dangerous substance thereon. Defendants answered, denying any negligence on the part of Woolworth or its employees, and, alternatively pleading contributory negligence on Mrs. Hutchinson’s part. On appeal, defendants urge their plea of contributory negligence and alternatively pray for a reduction in damages awarded Mrs. Hutchinson for personal injuries.
Mrs. Hutchinson testified she entered the store about noon to purchase some curtains. She was accompanied by her sister Virline Pinestraw, who died prior to trial, and her sister’s husband Clarence Pinestraw. After entering the store, Mrs. Hutchinson proceeded down an aisle slightly ahead of her sister and brother-in-law. Upon entering the establishment she noted the floor had been waxed because she could readily observe several “shiny spots” on the floor. Mrs. Hutchinson admitted no one was walking ahead of her and that she had an unobstructed view of the floor ahead. She proceeded to walk normally along and noted a shiny spot about 20 feet ahead. This particular spot appeared about the same as others she had traversed. She had no reason to believe the floor was dangerous and had no idea that she would fall. When she reached this particular spot, however, her foot slipped from beneath her and she fell to the floor. While on the floor she noted the floor was heavily waxed and that the spot where she fell was much shinier than the others she had noticed. She was assisted up by her brother-in-law. Upon arising she felt numb. She did not then report the incident to any store employee because she did not realize she had been injured. After leaving the store and proceeding about half a block she experienced pain and a burning sensation in her back. Later that day she called the store manager from her home and reported the accident. She stated that the store manager told her he would not say the floor was not slippery because it was, due to the fact that he had caused a heavy wax to be used on the floor. It is significant that no employee of defendant Woolworth was called as a witness and plaintiff’s testimony stands uncontradicted on this vital issue. In substance, Mrs. Hutchinson’s testimony is corroborated by her brother-in-law, Clarence Pinestraw.
*90 Mrs. Hutchinson’s testimony also discloses that since the accident, she has suffered almost continuously from back and leg pain, principally pain in the right leg, and could not sleep at night. Because of the pain, she has had to enlist the aid of her 15 year old daughter to perform household duties that she would normally do herself. In a deposition taken May 9, 1975, Mrs. Hutchinson stated the accident occurred December 19, 1974. At trial she testified the accident happened December 11, 1973. We find the latter date correct, inasmuch as the record discloses Mrs. Hutchinson was first seen on December 18,1973, by Dr. I. Rosen, General Practitioner, for treatment for back and neck pain which she related to have resulted from a fall on December 11, 1973. In essence, she testified she could not recall when she first consulted Dr. Rosen but that she sought medical treatment when her pain became unbearable.
When Dr. Rosen first saw Mrs. Hutchinson, the patient related a history of a fall in a Woolworth Store on December 11, 1973. Mrs. Hutchinson complained of pain in the lumbosacral area with right side radiation and also pain in the neck area and between the shoulders. Examination disclosed a knot (hematoma) on her right patella (knee) area and 20% restriction of neck motion. The patient also complained of low back pain on raising her left knee, which indicated ligamentous injury. Dr. Rosen prescribed pain tablets and muscle relaxants. On February 19,1974, Dr. Rosen noted minimal paraspinal muscle spasm. When Mrs. Hutchinson returned March 27, 1974, Dr. Rosen found no change in her condition. On April 14, April 29, and May 10, 1974, Mrs. Hutchinson complained of intense back pain and on the latter date she complained also of right side radiation. Dr. Rosen recommended consultation with an orthopae-dist and prescribed use of a sacroiliac belt for back support. The patient returned June 17, July 5 and August 2, 1974, on which latter visit Dr. Rosen recommended a myelogram. In Dr. Rosen’s opinion, Mrs. Hutchinson sustained a ligamentous injury sufficient to cause her complaints of severe persistent pain. Dr. Rosen saw Mrs. Hutchinson on March 21,1975, and found her pain somewhat abated and on April 10, 1975, he found her condition substantially the same. He discharged the patient May 5, 1975, believing he had brought her to maximum recovery. He felt that her complaints as of this latter date were not justified by objective symptoms and believed that she had a neurotic overlay that needed further treatment. He was of the view that Mrs. Hutchinson was not a malingerer but had a very low threshold of pain, and that she was neurotic in that she was more prone to pain than the average patient. He believed, however, that she actually experienced the pain about which she complained, and that he would not have recommended a myelogram had he suspected her of malingering.
Mrs. Hutchinson was seen by Dr. John Thomas, Orthopaedic Surgeon, on October 30, 1974. He found limitation of the lumbo-sacral area, especially on forward flexion and mild paralumbar muscle spasm. X-ray examination of the lumbosacral spine, pelvis and hips proved negative. Based on the patient’s history of a fall and continued low back pain radiating into both legs, Dr. Thomas diagnosed the patient’s condition as contusion or strain of the lumbosacral spine. He found no objective symptoms to support her complaints of pain.
Dr. William M. Fisher, Jr., saw Mrs. Hutchinson on November 5, 1974, at the request of her counsel. He found no muscle spasm and no objective signs of injury. Because of the patient’s complaint of persistent intense pain, he performed a myelo-gram on November 7, 1974, the results of which proved negative.
A storekeeper is not the insurer of the safety of his customers and patrons. He is liable, however, for injuries to customers resulting from his own negligence, or that of his employees. Fugler v. Atlantic & Pacific Tea Company, 253 So.2d 683 (La.App. 1st Cir. 1971); Jones v. W. T. Grant Company, 187 So.2d 470 (La.App. 3rd Cir. 1966).
A storekeeper or shop owner owes an affirmative duty to those who use his *91 premises to exercise reasonable care to keep his aisles, passageways and floors in a safe condition. Kavlich v. Kramer, 315 So.2d 282 (La.1975), and authorities cited therein.
The duty of a storekeeper to his customers includes that of protecting them from foreign substances on the floor, which obligation imposes the burden of reasonable care under the circumstances. Reasonable care includes periodic inspection calculated to keep aisles and passageways free of substances or objects which may cause customers to fall. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976), and authorities therein cited.
If a storekeeper or his employees create a hazardous condition in the aisles or on the floors of the storekeeper’s establishment, the storekeeper is charged with actual knowledge of the hazard and is liable to a customer injured as a result thereof. Lofton v. The Travelers Insurance Company, 208 So.2d 739 (La.App. 3rd Cir. 1968).
In rendering judgment for plaintiff, the trial court had to find that the condition of the floor was hazardous. Not only do we fail to find error in this determination, we concur therein. The record establishes that Mrs. Hutchinson fell on a spot made slippery by the application of excessive floor wax. Such a condition is inherently dangerous.
It is well established that one pleading contributory negligence bears the burden of proof. Wiggins v. Kansas City Southern Railway Company, 240 So.2d 744 (La.App. 2nd Cir. 1970).
It is elementary that in determining either negligence or contributory negligence, each case must be determined in the light of its own peculiar facts and circumstances.
Despite plaintiff’s admitted knowledge that there were shiny spots on the floor, we find no contributory negligence on her part in this instance. She had negotiated the floor a distance of approximately 20 feet inside the front door before she fell. She was paying attention to where she was walking and she was proceeding at a normal gait. Granting that she saw a shiny spot ahead, she had no particular reason to suspect it was dangerous. Practical experience teaches that a newly waxed floor will appear shiny. We reject the contention that a shiny floor is necessarily a warning of danger sufficient to alert the average individual to extraordinary precaution for his own safety. Under the circumstances, we find Mrs. Hutchinson was exercising that degree of care expected of a reasonably prudent individual, consequently she was not negligent in legal contemplation.
Mrs. Hutchinson was awarded $5,000.00 for pain and suffering. The record establishes that her pain persisted for many months following her injury. It is further shown her pain was intense and required prolonged medication and treatment. Unfortunately for defendants, she has a low threshold of pain which caused her to suffer perhaps more than would have a more stoic individual. Nevertheless, the tort feasor takes his victim as he finds him. Graves et al. v. Traders & General Insurance Company, 200 So.2d 67 (La.App. 1st Cir. 1967).
The medical evidence is clear that Mrs. Hutchinson’s pain and suffering was real, and that she was not a malingerer. In the award of quantum the decision of the trier of fact is not to be disturbed save in the case of a clear abuse of the much discretion vested in the trier of fact in such matters. Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974); Temple v. Liberty Mutual Insurance Co., 336 So.2d 299 (La.App. 1st Cir. 1976). We find the award in this instance to be well within the discretion of the trial court.
The judgment is affirmed, all costs of these proceedings to be paid by defendants F. W. Woolworth and The Travelers Insurance Company.
Affirmed.