SCHOTT, Judge.
This is an appeal by plaintiffs from a judgment based on a jury verdict in their favor. They complain that the awards for general damages to Mrs. Robinson, Mr. Porter as the administrator of the estate of his minor child Cynthia, and Mr. Robinson were inadequate and that Freddie Porter who was awarded nothing individually was enti- *80 tied to recover the medical expenses and lost wages incurred by his wife and child.
One of the errors specified by plaintiffs is in connection with an excerpt from the trial judge’s instructions to the jury which plaintiffs contend misled the jury and produced the inadequate awards.
Beginning with plaintiff’s complaint about the instructions, the excerpt in question reads as follows:
“Whether you find the injuries — whatever you find them to be — the injuries to the plaintiffs, they have already occurred and no amount of money can erase the fact that these injuries can occur. The law, therefore, recognizes and requires only that damages be fair and reasonable in amount to provide legal compensation for such injuries.”
This excerpt is from the second paragraph of one of the special charges requested by defendants and plaintiffs made a timely objection to all of the charges requested by them. We will assume that the excerpt complained of is properly before us on appeal even though this particular charge was not objected to on an individual basis. But see LSA-C.C.P. Art. 1793 and Watts v. Aetna Casualty & Surety Company, 309 So.2d 402 (La.App. 2nd Cir. 1975) writs refused, La., 313 So.2d 601.
It is arguable that the language used by the trial judge may be objectionable when lifted from the context of all the other instructions, but when it is read in context the conclusion follows that its inclusion was at worst harmless error and was not of sufficient import to have an undue influence on the jurors in making their awards. They were instructed to include in their award as damages to the plaintiffs reasonable compensation for the personal injuries which they sustained and to compensate them for past and future pain and suffering as well as mental anguish. We have concluded that this specification of error has no merit.
The accident happened on November 25, 1975, and plaintiffs saw Dr. Julius Levy on November 28. As to the child, Cynthia, who was nine years old at the time, he diagnosed the probability of mild bruises or contusions but the child had no complaints at that time and no treatment was prescribed for her.
Mrs. Porter had cervical and lumbosacral strains for which she was given medication and 22 microtherm therapy treatments between December 2 and March 9, at which time she was discharged as asymptomatic.
Mr. Robinson’s injuries were also diagnosed as cervical and lumbosacral strains for which medication was prescribed and microtherm therapy administered on 22 occasions between December 2,1975, and February 25, 1976, when he was discharged as asymptomatic.
In response to special verdicts the jury awarded Mrs. Porter $1620, Freddie Porter as administrator of the estate of his minor daughter, Cynthia, $50 and Mr. Robinson $2367. Freddie Porter individually was specifically awarded nothing by the jury.
Plaintiffs argue that the awards to Mrs. Porter and Cynthia Porter necessarily include the medical expenses of $625 and lost wages of $44 incurred by Mrs. Porter, and medical expenses incurred by Cynthia in the amount of $20, so that Mrs. Porter was awarded only $950 for her general damages and Cynthia only $30 for her general damages. They likewise argue that Mr. Robinson’s award necessarily includes $576 of medical expenses and $91 of property damage to his automobile, so that he was awarded only $1700 in general damages.
Plaintiffs’ argument that the awards are inadequate does seem meritorious considering the testimony of Dr. Levy that he found muscle spasms on examining Mrs. Porter and Mr. Robinson almost throughout their courses of treatment. However, it was the jury’s function to weigh and evaluate the testimony of Dr. Levy as well as that of the plaintiffs. They apparently did not believe that Cynthia had any injury at all as a result of this accident and that Mrs. Porter and Mr. Robinson suffered only mild injuries.' The evidence shows that Mrs. Porter went back to work a *81 few days after the accident, incurring only 12V2 hours of time lost from her job, and they may not have been convinced that all of Mr. Robinson’s complaints were the result of this accident. They may have also considered the fact that the damages to Mr. Robinson’s vehicle were light, requiring replacement only of a bumper face bar, new bumper brackets, one tail light lens and the other tail light assembly. We can only speculate on the reasoning process of the jurors, and while we agree with plaintiffs that these awards are low we. cannot say that the jurisprudence would entitle them to have the awards increased. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977).
As to Freddie Porter, we have concluded that there was an error of law in that he was not compensated for the medical expenses and lost wages of his wife and the medical expenses of his child. As head and master of the community and the father of the injured child plaintiff was the proper party to bring the claim for these expenses. Charles v. Sewerage & Water Board, 331 So.2d 216 (La.App. 4th Cir. 1976). If the medical expenses and lost wages incurred by Mrs. Porter were included in the $1620 awarded to her the award belongs to her and cannot be reduced since no appeal was taken from her award by defendants. In order to do justice Freddie Porter must therefore be awarded the sum of $625 for medical expenses and $44 for loss of wages by his wife, and $20 for medical expenses incurred by his child, for a total of $689.
Accordingly, that portion of the judgment in favor of defendants and against plaintiff, Freddie Porter, individually, dismissing his suit is reversed and set aside, and there is judgment in favor of plaintiff, Freddie Porter, and against defendants, SAFECO Insurance Company of America and Albert F. Hensel, III, in the full and true sum of $689 with legal interest from date of judicial demand until paid. In all other respects, the judgment appealed from is affirmed. All costs are to be paid by defendants.
AFFIRMED IN PART.
REVERSED IN PART AND RENDERED.