GUIDRY, Judge.
Plaintiff, Aaron Perry, instituted this tort action to recover damages for personal injury sustained in an automobile accident. Made defendants were Simon Domingue and his automobile liability insurer, MFA Insurance Company. Prior to the trial defendants admitted liability, therefore the trial was limited to the issue of damages. Following a trial, judgment was rendered in favor of plaintiff in the sum of $7,555.08. From this judgment, defendants have perfected this appeal seeking a reduction in the award.
The facts show that the accident occurred on March 2, 1978, in Crowley, Louisiana when defendant, Simon Domingue, proceeded through the intersection of Avenue “H” and 3rd Street, in violation of a stop sign, striking a Volkswagon operated by plaintiff. Plaintiff stated that although he received a “pretty hard jolt” in the collision, he drove home following the accident. Following his arrival home, he began to experience pain in his neck. Plaintiff testified that he has experienced -recurring pain in his neck three or four days a week since the accident. Plaintiff stated that he occasionally took medication to relieve the pain in his neck.
The day after the accident plaintiff was examined by Dr. McNeely, his family physician. Rotation of plaintiff’s neck gave rise to complaints of pain. Dr. McNeely stated that in the year prior to the accident, plaintiff had not sought treatment for any neck pain, although his records did reflect one entry in the year 1976 when plaintiff did complain of neck pain. Dr. McNeely stated that although no x-rays were taken on this 1976 visit plaintiff was treated for clinically suspected arthritis of the cervical spine. Following the March 3, 1978 examination, Dr. McNeely prescribed a muscle relaxant and an anti-arthritic medication. Plaintiff was again seen by Dr. McNeely on April 21, 1978. At that time Dr. McNeely found plaintiff’s neck problem to be unresolved and suggested that he continue on the med *132 ication previously prescribed opining that he expected the symptoms as related to his injury per se to disappear in a few weeks. Plaintiff was not again seen by Dr. McNeely for his neck complaints although he was treated by Dr. MeNeely on subsequent visits for unrelated problems.
Plaintiff was next seen, by referral of his attorney, by Dr. James Lafleur, an orthopedist, who examined plaintiff on December 18, 1978. Upon lateral rotation of his neck to the left, plaintiff complained of pain. Following an examination of x-rays, Dr. Lafleur concluded that plaintiff was suffering from spondylosis of cervical vertebra C 3-4, C 4 — 5, C 5-6 and C 6-7. Cervical spondylosis is a degenerative disc disease which develops over a period of years. Dr. Lafleur stated that it was probable that the automobile accident aggravated the pre-ex-isting cervical condition, causing plaintiff to suffer increased pain. Dr. Lafleur examined plaintiff again on June 18, 1979. The .doctor testified' that plaintiff’s condition had not returned to his pre-injury status as of that date. Dr. Lafleur stated that plaintiff, with proper treatment, could recover from the effects of the automobile accident in 12 to 18 months.
In the history taken by Dr. Lafleur on the occasion of both examinations plaintiff denied any prior difficulty with his cervical area. On cross-examination Dr. Lafleur admitted that his relation of plaintiff’s continued complaints to the automobile accident were based on his history. In this connection Dr. Lafleur testified as follows:

“Q. Initially, when you were taking Mr. Perry’s history, did you inquire as to if he had had difficulty with this cervical area prior to the automobile wreck he told you about?

A. On the initial evaluation in December of 1978, I did, but it is not recorded. I did specifically on the examination of 6/18/79, and it is recorded.

Q. And he told you that prior to the automobile (sic), that he had not had any difficulty with his cervical area?

A. That is correct.

Q. And it was based on this history that you related his present complaints to the automobile wreck?

A. That is correct.

Q. So that if he would’ve been suffering from an arthritic condition in the cervical area prior to the wreck, and for one reason or another didn’t relate that to you, then, that would certainly effect (sic) your opinion insofar as tying his current complaints with the automobile wreck?

A. That’s right.

Q. As I appreciate what we’re talking about in this man’s case is a pre-existing arthritic condition in his cervical area, that, as explained to you in his history, it wasn’t giving him any problems until subsequent to the wreck?

A. That is correct."

The trial judge in awarding $7000.00 in general damages indicated, in his brief oral reasons, that he did so relying heavily on the testimony of Dr. Lafleur. Appellant argues on appeal that this was error considering that Dr. Lafleur’s opinion was based on an inaccurate history.
We do not agree that the history given to Dr. Lafleur was so inaccurate that his opinion should be disregarded. Plaintiff testified that he had had no difficulty with his neck prior to the accident. The only evidence in the record as to any neck complaints by plaintiff before the accident appears in the testimony of Dr. MeNeely who testified that in 1976 plaintiff consulted him with regard to neck pain. Dr. MeNeely mentioned no follow-up appointments following this initial visit. Presumably any neck complaints which plaintiff may have had in the year 1976, as mentioned in the-testimony of Dr. MeNeely, were resolved long prior to the accident and to the extent that when giving his history to Dr. Lafleur he indicated no previous neck problems. Defendant in cross-examining Dr. Lafleur (see the quote above) did not indicate that plaintiff’s neck problems occurred some two years before the accident and had apparently become asymptomatic long prior thereto. Under these circumstances we cannot conclude that the trial court erred in placing *133 reliance on the expert medical opinion of Dr. Lafleur.
Civil Code Art. 1934 provides that, in the assessment of general damages, “much discretion must be left to the judge or jury
In Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), the court stated:

“We do re-emphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award.” (Emphasis supplied)

The principles announced in Coco were reaffirmed in Reck v. Stevens, 373 So.2d 498 (La.1979), wherein the court stated:
“Thus, the initial inquiry must always be directed at whether the trier court’s award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact’s ‘much discretion’, La.Civ.Co. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977), Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior award appropriate under Coco for purposes of then determining what would be an appropriate award for the present case.”
In the present case, the record reveals that the March 2, 1978 automobile accident aggravated a pre-existing spinal disorder which had been asymptomatic until the occurrence of the trauma. Plaintiff has experienced recurring pain in his neck since the accident. As of June, 1979, more than a year after the occurrence of the accident, Dr. Lafleur found that plaintiff’s condition had not returned to its pre-aggravation status. Dr. Lafleur noted that with proper care plaintiff could recover in 12 to 18 months. Clearly, as a result of the accident, plaintiff has had to endure pain in his neck for a substantial period of time. A review of the record does not reveal that, in light of the particular injuries suffered by plaintiff, the trial judge abused his discretion in awarding $7,000.00 in general damages.
Appellant next asserts that the trial court erred in including in the medical expense award the sum of $167.00 which was paid to Dr. Lafleur and for x-rays ordered by Dr. Lafleur. Appellant suggests that the services rendered by an evaluating physician are not necessary medical expenses and therefore not recoverable. We agree. Dr. Lafleur testified very candidly that he prescribed no course of treatment for plaintiff in that he was not requested to do so, he having seen plaintiff on two occasions solely for purposes of evaluation. Under these circumstances it was error to include the medical fee of Dr. Lafleur as an item of recoverable medical expense. Warren v. Yellow Cab Company of Shreveport, Inc., 136 So.2d 319 (La.App. 2nd Cir. 1961); Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3rd Cir. 1971). Accordingly, we will amend the judgment to exclude this sum.
 Finally, appellee by answer to the appeal seeks damages and attorney’s fees for a frivolous appeal. Clearly the appeal in this case is not frivolous. An appeal can be considered frivolous only in cases where the record clearly reflects that the appeal was taken solely for purposes of delay or that counsel is not sincere in the view of the law which he advocates. Tullis v. Aertker, 352 So.2d 415 (La.App. 3rd Cir. 1977).
For the above and foregoing reasons we amend the judgment of the trial court to exclude as recoverable medical expenses the sums of $102.00 and 65.00 (bill of Opelousas Orthopaedic Clinic and bill of Lafayette Bone and Joint Clinic, respectively) which results in a reduction of the judgment from $7555.08 to the sum of $7388.08. In all other respects the judgment appealed from is affirmed. Costs in the appellate court are to be taxed one-half to appellant and one-half to.appellee.
AFFIRMED AS AMENDED.