ELLIS, Judge:
This is a suit for damages for personal injuries arising out of an accident between an automobile owned by James E. Duvic and operated by his wife, Shelia A. Duvic; and a flatbed tractor trailer owned by Baton Rouge Lumber Company, Inc., operated by Nimrod P. Gross and insured by Commercial Union Insurance Company. After trial on the merits, judgment was rendered in favor of defendants, rejecting plaintiffs’ demands, and they have appealed.
Mrs. Duvic was driving west on Highway 37, a four-lane divided road, with a narrow median separating the two eastbound lanes from the two westbound lanes. The tractor trailer, which had been heading east, made a U-turn through the median and into the westbound lanes of Highway 37. Mrs. Du-vie testified that she saw the truck and slowed her vehicle somewhat. She stated that it drove entirely into the right-hand westbound lane. She intended to pass the truck, but, as she did so, she stated that it began to pull into the inside lane. She applied her brakes, but was unable to avoid the accident.
Mr. Gross testified that he made the U-turn, intending to move into the inside westbound lane so as to make a left turn some blocks to the west. It was his testimony that he never got entirely into the outside lane, but made one continuous turn, intending to straighten out in the inside lane.
Of the three independent eye witnesses who testified, two corroborated Mrs. Du-vic’s story and one stated that the truck turned as indicated by Mr. Gross. However, all three witnesses stated that there was no way for Mrs. Duvic to avoid the accident.
The trial judge found Mr. Gross negligent in entering the westbound lanes when it was not safe to do so, and also found Mrs. Duvic contributorily negligent in failing to stop in time to avoid the accident.
We think the factual conclusions of the trial judge were clearly wrong. Two of the three independent eyewitnesses testified that the truck was entirely in the right-hand lane before it moved back to the left. This was also the testimony of the plaintiff. The third independent eyewitness gave testimony so completely at variance with the other evidence as to be unworthy of belief.
We think the record is clear that the truck was, at one point, entirely in the right-hand lane. Whether the driver immediately moved back to the left lane, or remained for some time in the right-hand lane is not material. Once he was in the right-hand lane, he had a duty not to change lanes until it was reasonably safe to do so. Mrs. Duvic had a right to assume that the truck would remain in that lane until she had completed her passing maneuver.
Mr. Gross failed in his duty when he moved to the left-hand lane without checking to see if it was safe to do so. It was his negligence in this respect which was the sole cause of the accident. Mrs. Duvic was *466 not required to anticipate this maneuver, and was unable to avoid the accident which ensued. . We find no negligence on her part.
At the time of the accident, Mrs. Duvic was about five months pregnant. Prior to that time, she had had two disc operations on her low back and had chronic back complaints. Eventually, Mrs. Duvic was delivered of a normal child. She testified that she was concerned for the well-being of her unborn child because of the accident. Her doctors testified that the accident had no discernible effect on the course of her pregnancy or on the condition of her back, although both of them testified that it would not be unreasonable to expect some exacerbation of her back pain because of the accident.
Mrs. Duvic testified that her back was worse after the accident than before, and the pain much more severe, and that she has a problem with leg pains and loss of use of her right leg which she did not have prior to the accident. No specific medical charges resulting from the accident were proven.
Considering the foregoing, we feel that the sum of $5,000.00 will adequately compensate Mrs. Duvic for her personal injuries. Mr. Duvic proved special damages arising out of repairs to his automobile to-talling $233.00.
The judgment appealed from is reversed, and there will be judgment in favor of Mrs. Shelia A. Duvic and against the defendants, Baton Rouge Lumber Company, Inc., Nimrod P. Gross and Commercial Union Insurance Company, in solido, in the sum of $5,000.00, together with legal interest from date of judicial demand until paid. There will further be judgment in favor of James E. Duvic and against the said defendants, in solido, for $233.00, together with legal interest from date of judicial demand until paid. All costs shall be paid by defendants.
REVERSED AND RENDERED.