GULOTTA, Judge,
dissenting.
I respectfully dissent.
The well articulated reasons of the lead opinion in this case support the claim that the $73,000.00 general damage award is excessive. The constitutional authority of this court for review of law and fact mandates a reduction in quantum where the judge or jury abuses its discretion when granting an excessive award. My evaluation of the medical and lay evidence, considered in its most favorable light, clearly does not support a $73,000.00 general damage award, which absent any showing of loss of earnings, constitutes a clear abuse of the trial court’s discretion. See Reck v. Stevens, 373 So.2d 498 (La.1979).
It is most difficult to articulate how an appellate judge, confronted with an award so high or low is convinced, without equivocation, that the award is out of the ball park for injuries suffered as to constitute an abuse of the trial court’s discretion. Necessarily, one’s subjective evaluation of quantum comes into existence. Nonetheless, my evaluation of the award reduced to its highest limit, in our case is $20,000.00. This evaluation is supported by consideration of awards in cases similar to the instant one.[1]
Accordingly, I would reduce the general damage award from $73,000.00 to $20,-000.00.

. See Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Clements v. Allstate Ins. Co., 383 So.2d 1375 (La.App. 4th Cir. 1980), writ denied (La.) 385 So.2d 793; Francis v. Government Emp. Ins. Co., 376 So.2d 609 (La.App. 4th Cir. 1979), writ refused 378 So.2d 1391 (1980); Pitre v. Bourgeois, 371 So.2d 330 (La.App. 4th Cir. 1979), writ denied (La.) 374 So.2d 657; Potts v. Hollier, 344 So.2d 70 (La.App. 4th Cir. 1977); Duvic v. Baton Rouge Lumber Co., 385 So.2d 464 (La.App. 1st. Cir. 1980); Engolia v. Cumis Ins. Soc., Inc., 383 So.2d 1055 (La.App. 1st Cir. 1980); Hutchinson v. Woolworth, 345 So.2d 88 (La.App. 1st Cir. 1977); Grasso v. Hebert, 342 So.2d 1178 (La.App. 1st Cir. 1977); Stewart v. Nat. Food Stores of La., Inc., 341 So.2d 1177 (La.App. 1st Cir. 1976), writ refused (La.) 343 So.2d 1073 (1977); Boatner v. McCrory Corp., 341 So.2d 1174 (La.App. 1st Cir. 1977), writs refused (La.) 343 So.2d 1075 & (La.) 343 So.2d 1078; Perry v. Domingue, 383 So.2d 130 (La. App. 3rd Cir. 1980); Launey v. Thomas, 379 So.2d 27 (La.App. 3rd Cir. 1980), writ denied (La.) 381 So.2d 1233.