SARTAIN, Judge.
The sole issue presented on this appeal is that of quantum. Mr. and Mrs. Chris W. Dobard were injured in an automobile accident on February 11, 1975. Mr. Dobard was awarded the sum of $6,000.00 for personal injuries and $1,387.72 for special damages. Mrs. Dobard was awarded the sum of $4,000.00 for her injuries. Mr. Dobard’s claim for loss of future earnings was denied. Each has appealed contending that the amounts awarded for personal injuries are grossly inadequate and that the trial judge committed manifest error in failing to award Mr. Dobard’s claim for loss of future earnings. We affirm.
Following judgment on the merits the trial judge rendered detailed written reasons for judgment. With respect to Mr. Dobard’s injuries, the judge a quo’s written reasons for judgment state:
“In summation of Mr. Dobard’s physical problem, the Court concludes that his shoulder problem was directly tied to the accident and that there was sufficient evidence to indicate that it was also responsible for the vertigo symptoms which did not appear for almost seven months. His other pain complaints were probably due to pre-existing conditions, but were mildly aggravated by the accident. The Court feels that an award of $6,000.00 is sufficient to compensate Mr. Dobard for his past pain and suffering as well as any occasional pain which he may suffer from this shoulder injury in the future. This also is adequate to compensate him for the discomforts of the episodic vertigo and for the slight permanent injury which remains in the shoulder.”
Mr. Dobard argues that based on the above language the trial judge failed to compensate him for a “non-displaced fracture of his eighth (8th) rib.” It can be seen that in the district judge’s “summation” of Mr. Dobard’s injuries, above, he did not specifically state that the amount of $6,000.00 included the rib injury. However, the written reasons for judgment extensively recite the medical treatment received by Mr. Dobard for each of the injuries allegedly sustained by him, including the fractured rib. Therefore, we do not find that the district judge inadvertently omitted compensating Mr. Dobard for this particular injury. The next question is whether the award as a whole for all of the injuries sustained by Mr. Dobard is so grossly inadequate as to constitute an abuse of that discretion vested in the trier of fact. C.C. Art. 1934(3). We hold that it does not.
We have carefully reviewed the authorities cited by counsel for Mr. Dobard wherein awards were made for injuries of a similar nature. These authorities are not entirely apposite for the reason that the total *149 ity of the injuries therein compensated were far more severe than those in the instant case.
It is obvious from a reading of the written reasons for judgment that the trial judge did not find that the injuries sustained by Mr. Dobard were as disabling or as severe as claimed. Prom our own perusal of the record we do not choose to state that the district judge’s conclusion in this respect was unwarranted or unreasonable.
With respect to Mr. Dobard’s claim for future earnings the district judge found that Mr. Dobard had failed to meet his burden of proving his loss by a preponderance of the evidence. The record reflects that for a number of years prior to the accident Mr. Dobard was a commercial lobster fisherman. Several weeks before the accident he sold his boat. It was his intention to acquire a new vessel and to enter into a venture whereupon he was to obtain monkeys from South America, transport them to the United States, and sell them for medical research. In addition to this activity Mr. Dobard was to also continue commercial fishing and a charter service. In denying this claim the trial judge stated:
“ * * * The Court has only Mr. Do-bard’s testimony that he intended to reenter business, but even if we accept this as true, no evidence was offered to indicate what possible or probable income he would have realized from this new venture. This, coupled with the medical testimony that he had been urged to return to work by the orthopedic specialist as early as 60 days after the accident, leaves the Court with the conclusion that Mr. Dobard was not too eager to do so. In his testimony in court, he placed great emphasis on his fear of returning to sea because of the vertigo, but he had been urged to return to work four months before the first symptoms of vertigo appeared, so the Court will not accept this as justifying his failure to even attempt to resume a profitable activity. There is just no way the Court could estimate what income loss, if any, was suffered by Mr. Dobard as a result of this accident, and therefore, no award will be made for this item.”
With respect to Mrs. Dobard’s injuries, the trial judge found that she had sustained a moderately severe cervical strain which in turn aggravated a preexisting arthritic condition. Again, the district judge detailed the medical history of Mrs. Dobard’s complaints and treatment. While we feel that this award may be somewhat on the low side, we do not find it to be so inadequate as to constitute an abuse of discretion.
Accordingly, for the above reasons, the judgment of the district court is affirmed at appellants’ costs.
AFFIRMED.