341 So.2d 1174 (1976)
Ivory BOATNER
v.
McCRORY CORPORATION et al.
No. 11080.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
Rehearing Denied February 14, 1977.
Writs Refused March 31, 1977.
*1175 J. Arthur Smith, III, Baton Rouge, of counsel for plaintiff Ivory Boatner, appellant.
Wm. A. Norfolk, Baton Rouge, of counsel for defendants McCroy Corp., et al., appellees.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
This is a personal injury action filed by Ivory Boatner against McCrory Corporation, Rapid American Corporation, Shepard M. Latter, d/b/a Commerce Building and Aetna Life and Casualty Company for personal injuries sustained in a "slip and fall" accident. The trial court held the defendants liable and awarded the plaintiff $5,000.00 in general damages. Plaintiff has appealed on the issue of quantum, and defendants have answered the appeal, urging us to reverse on the issue of liability or alternatively to reduce the award.
The issues before this Court are:
1. Were the defendants guilty of negligence?
2. Was the plaintiff guilty of contributory negligence?
3. Were the damages awarded inadequate or excessive enough to constitute an abuse of discretion?
4. Was the lower court correct in assessing the cost of certain depositions as court costs?
We amend and affirm.
Mrs. Boatner was shopping at McCrory's Department Store in Baton Rouge about 3:30 p.m. on Saturday, November 29, 1969. As she left the store she slipped and fell in some paint which had been spilled somewhere outside the entrance to the store. She testified that she felt little pain immediately after the accident, but began to have pains in her back that night.
Dr. Louis James diagnosed her condition as strains and contusions in the lumbo-sacral area, as well as strained muscles in the shoulder, neck and thorax area. After plaintiff was released by Dr. James in February, 1970, she returned to her employment as a domestic worker. She continued to work at her regular jobs until November, 1972, when she quit work altogether, citing increased back pain as the reason.
The trial court found that the paint was spilled on the terrazo apron of McCrory's and that the paint had been there long enough for store employees to discover and clean it up. Plaintiff said she slipped in the paint after taking two steps from the door. A witness testified she saw the paint spilled on the terrazo of the vestibule about 1:15. She saw the spot inspected by two store employees who had done nothing about the spot when she left about 2:30 p.m. Two employees of the store asserted they knew nothing of the paint prior to being informed by Mrs. Boatner of her fall. They placed the spill on the sidewalk. Even though we might have decided otherwise, we find sufficient support for the court's finding to constrain us to accept it. Canter v. Koehring, La., 283 So.2d 716 (1973).
The court also found that the plaintiff was not contributorily negligent. Her having a purse in one arm and a small package in the other and her failure to see and avoid the paint spill, especially as near to the door as the court found it, cannot be held to be negligence under the circumstances.
The question of damages is the major issue. Plaintiff claims that $5,000.00 in general damages is grossly inadequate for her injuries, and that she should be awarded compensation for loss of wages, both past and future.
Several doctors examined Mrs. Boatner, and the diagnosis of each as to the extent of her injuries was different. Dr. Louis James' opinion has already been given. He found her totally disabled to January 31, and partially disabled to February 14, 1970.
*1176 Dr. Marshall K. Book, an orthopedic resident at Earl K. Long Charity Hospital, treated Mrs. Boatner during two six month intervals, the first around July, 1973, and the second about November, 1975. He testified that in his opinion the fall precipitated and aggravated a pre-existing arthritic condition. He believed that her condition has improved and would continue to improve so long as she limited her activities.
Dr. Jack F. Loupe, an orthopedic surgeon, testified that in his opinion Mrs. Boatner was exaggerating in her complaints about pain. He examined her one month after the accident and found no orthopedic injury or abnormality. He did not feel any treatment was warranted.
Dr. Herbert K. Plauche, another orthopedist, examined plaintiff in January, 1973, and again in July, 1975. His examination in 1973 revealed a degenerative arthritic condition in the lower spine. He testified that she had improved greatly by July, 1975. Also of considerable importance is his testimony that Mrs. Boatner's arthritic condition was commensurate with others in her age group.
The expert testimony supports the finding that plaintiff suffered a lumbo-sacral strain, which was aggravated by or which precipitated an arthritic condition. It was also reasonable to conclude that the arthritic condition was no worse than one would expect in a woman of her age. Dr. Loupe testified that he believed Mrs. Boatner was exaggerating in her complaints of pain. He supported this opinion by observing that she expressed inability to perform certain motion tests initially, but when told the tests were necessary to evaluate her condition, she did as she was asked.
The only evidence introduced to support plaintiff's contention that she has continuously suffered extraordinary pain is the testimony of Mrs. Boatner herself and to a lesser degree, that of her daughter.
The testimony of Dr. Loupe, that of Dr. Plauche, her work record until November, 1972, the absence of testimony of treating physicians after discharge by Dr. James up to complaint of back pain at the Earl K. Long Charity Hospital on November 28, 1972, despite being treated there for other complaints, are of the contrary persuasion.
When as here the evidence is conflicting, an appellate court should not disturb reasonable evaluation by the trier of fact of one set of witnesses as credible, and its rejection of the testimony of the opposing set of witnesses; nor should the reviewing court disturb reasonable factual inferences drawn by the trier of fact from such testimony found by it to be credible. Billiot v. Bourg, La., 338 So.2d 1148 (1976).
We therefore affirm the award of $5,000.00 for general damages.
The parties have stipulated that Mrs. Boatner's medical expenses were $391.96, and the propriety of that award is therefore not before us for consideration.
Plaintiff claims that the trial court erred in failing to award her damages for loss of wages, both past and future. The court evidently accepted the medical evidence indicating that Mrs. Boatner was not disabled at the time of trial, so therefore did not consider her claim for future loss of wages. We find no error.
The only independent witnesses who testified concerning loss of earnings were Mrs. B. E. Perkins, Jr., and the bookkeeper for Perkins Door Co. Mrs. Perkins said she was sure Ivory Boatner had missed some work because of the accident, but she could not recall how much. It seems clear, however, that she missed work until discharged by Dr. James on February 14, 1970. She worked at least four days a week for Mrs. Perkins at eight dollars per day. The bookkeeper for Perkins Door Co. testified her company paid Mrs. Boatner ten dollars a week for one-half day's work. It was stipulated that Mrs. Dimaio would testify that she paid Mrs. Boatner eight dollars per week for one day's work. We therefore find that the trial court erred in not awarding eleven weeks of lost wages at $50.00 per week and amend the judgment to that extent.
*1177 Following trial on the merits, plaintiff filed a rule to show cause why expenses of taking certain depositions should not be taxed as court costs. The court granted judgment in favor of the plaintiff and against the defendant for $315.15 additional court costs.
Defendants contend that they should not be taxed with the cost, because the depositions were taken by plaintiff for the purpose of discovery and only thereafter were offered into evidence by defendants.
La.R.S. 13:4533 provides as follows:
"The costs of the clerk, sheriff, witness' fees, cost of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs."
In Succession of Franz, 242 La. 875, 139 So.2d 216 (1962) the Supreme Court stated:
"R.S. 13:4533 declares that the costs of taking depositions used on the trial shall be taxed as costs. This language is explicit and must be held to include all depositions, whether taken for proof of a claim or the defense of a claim, or for discovery purposes, provided the depositions are `used on the trial'."
We therefore conclude that the cost of the depositions were properly taxed as court costs.
The judgment is amended so that there is judgment in favor of the plaintiff, Ivory Boatner, and against the defendants, McCrory Corporation, Rapid American Corporation, The Aetna Casualty and Surety Company and Shepard M. Latter, d/b/a Commerce Building, in solido in the sum of $5,941.96 with interest thereon at the rate of 7% per annum from October 29, 1970, until paid, and all costs. As amended the judgment is affirmed.
AMENDED AND AFFIRMED.