384 So.2d 392 (1980)
Lucian PERNICIARO, Jr., et al.
v.
Anders K. BRINCH et al.
No. 66176.
Supreme Court of Louisiana.
May 19, 1980.
*393 Carl J. Selenberg, Metairie, for plaintiffs-applicants.
John J. Hainkel, Jr., New Orleans, for defendants-respondents.
DENNIS, Justice.[*]
In this personal injury suit we granted certiorari to determine if the lower courts correctly assessed the damages for the plaintiff, Ms. Perniciaro, who received neck and low back injuries as a result of a car accident in Jefferson Parish. The jury, after hearing the testimony of the plaintiff, her husband, the defendant, and one orthopedic surgeon, awarded the plaintiff $500 in general damages and $143 for medical costs. The court of appeal affirmed the general damage award, concluding that the jury reasonably found that the plaintiff suffered only a moderate neck and back strain of short duration and reasonably attributed her other physical disorders exclusively to her osteoarthritic degenerative back condition. The court of appeal increased the award of medical expenses to reflect the full medical costs incurred during the plaintiff's first period of medical treatment, the total amount being $212.50.
On May 12, 1976, Ms. Perniciaro was driving on the interstate in Jefferson Parish near the Williams Boulevard exit. Mr. Brinch, the defendant, followed the plaintiff at about twenty-five miles per hour. The plaintiff was forced to make an abrupt stop for traffic in front of her and the defendant, although he applied his brakes, struck her in the rear. The sole disputed issue on this writ of review is the extent of compensable injuries received by the plaintiff as a result of this accident.
The plaintiff testified that she sustained neck and low back injuries in the accident, which have caused her disability and pain from the time of the collision through the trial on November 15, 1977. At the jury trial, the plaintiff, her husband, the defendant, *394 and Dr. Victor Chisesi, the treating physician, testified to the nature of the plaintiff's injuries. According to a majority of the court of appeal, the jury reasonably found that the injuries were caused by a combination of the accident and a pre-existing osteoarthritic condition, but that the extent of the injuries attributable to the accident encompassed only the first two or three weeks following the collision; thereafter Ms. Perniciaro's problems were caused independently by her osteoarthritis and degenerative disc. We conclude from the evidence in this record that a reasonable trier of fact must find that Mrs. Perniciaro's continuing back disorder and symptoms were causally related to her automobile accident. We further conclude, therefore, that either the jury's determination of the extent of her compensable injuries was based upon a manifestly erroneous factual finding or it abused its great discretion in awarding only $500 for intermittent pain and suffering from May 12, 1976 through November 15, 1977.
The evidence fully supports a finding that the plaintiff received neck and low back injuries in the accident. The defendant testified that when he went up to the plaintiff's car after the collision, the plaintiff complained of neck pain and the defendant noticed that her neck was swollen. She was taken to the emergency room of East Jefferson Hospital; there, the doctors gave her two shots and some medication to relieve the pain. After one hour, she was allowed to go home. Her husband testified that the pain in her neck and low back was so severe that she had trouble getting out of bed on the morning of May 13.
On May 14 the plaintiff went to see an orthopedic surgeon, Dr. Chisesi. Dr. Chisesi diagnosed a cervical and lumbo-sacral strain, caused by the trauma received in the accident. Using x-rays, he discovered a condition of osteoarthritis, which pre-existed the accident. He gave her Valium and Tylenol 3, sent her home to rest, and told her not to go to work for the time being.
Between May 14 and the date of the plaintiff's next visit to Dr. Chisesi, May 20, the record shows that the plaintiff experienced disabling pain in her neck and lower back. Her husband testified that she could not get out of bed without difficulty; she and her husband attested to the fact that she could not do her normal household chores, such as vacuuming and grocery shopping. She could not lift any heavy object without aggravating her injuries.
The plaintiff saw Dr. Chisesi on May 20, after a week of rest and medication. The doctor gave her no examination, but listened to her complaints about continuing pain in the neck accompanied by headaches. The pain in her back, however, had subsided somewhat due to her use of a girdle. She asked the doctor for his permission to return to work; he assented, and told her that she could return to work within four days.
Ms. Perniciaro was, and is, employed as an indexer for the Parish Court of Jefferson Parish. Her duties consist in recording traffic tickets in the record books. Because of her neck and back problems, she was not able to lift the tomes in which the tickets were recorded. Nor was she able to sit for long periods of time without getting headaches. To alleviate her difficulties, other employees of the court assisted her with her job, lifting the books for her.
On June 10, 1976, she went to see Dr. Chisesi's partner, Dr. Lococo (who did not testify at trial). According to Dr. Chisesi, Dr. Lococo instructed her on how to do certain physical therapy exercises which were designed to strengthen the back muscles.
Ms. Perniciaro did not return to Dr. Chisesi's office until March 23, 1977. During this period she testified that the pain was somewhat suppressed due to the exercises prescribed by Dr. Lococo. She testified without contradiction, however, that every two or three months she experienced a recurrence of pain, which endured for two or three days. Her husband testified that she was not able to do any heavy housework. She could not vacuum, rearrange furniture, or carry heavy grocery bags. On March 23 she visited Dr. Chisesi again, complaining of *395 pain in her low back, which started two days prior. The doctor found that she had a limitation of back movement, and he told her to continue taking Naperson.
On April 26 Ms. Perniciaro made her final visit to Dr. Chisesi. At this time she felt much better, although she still could not do household vacuuming or lift grocery bags. The doctor discharged her from his care, telling her to continue the physical therapy exercises to strengthen her back.
At trial, Dr. Chisesi stated that the accident trauma aggravated the pre-existing osteoarthritis. He testified that the cervical and lumbo-strain from the accident would have subsided within two weeks, but for the osteoarthritis, and that the pre-existing condition was made "symptomatic" by the trauma. He further told the jury that Ms. Perniciaro had no significant medical history, no prior back trouble, and the only serious operation she had received was a hysterectomy. He said that she might have gone along as normal for another five or ten years without any back problem, had the trauma not aggravated the osteoarthritis.
The court of appeal agreed with what it considered to be the "obvious" jury conclusion that the accident caused only a few weeks of "moderate strain." Both the jury and that court apparently focused upon the doctor's statements regarding the normal duration of cervical and lumbo-sacral strain from this type of trauma, which was two or three weeks. However, they apparently ignored the doctor's testimony that the osteoarthritis was made symptomatic by the accident, that the plaintiff might have escaped back or neck problems for five or ten more years had the accident not occurred. The fact findings also discounted the evidence that during the initial two weeks the plaintiff's pain was so severe, getting out of bed was a major task.
In the assessment of damages in cases of quasi offenses much discretion must be left to the judge or jury. La.C.C. art. 1934(3). Before a court of appeal can disturb an award made by a trial court the record must clearly reveal that the trier of fact abused his discretion in making his award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Before an appellate court can disturb a factual finding by the trial court, it must determine that the finding is manifestly erroneous and has no reasonable factual basis. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In this case we find that the record clearly shows that the award of $500 should have been disturbed as inadequate compensation for Ms. Perniciaro's pain and suffering. The award was either a patent abuse of discretion or it was based on a manifestly erroneous finding that her continuing back problems were not caused by the accident. The evidence is uncontradicted that the plaintiff suffered severe pain during the initial two weeks to the extent that getting out of bed in the morning was a major undertaking. Thereafter, it is clear that she was not able to perform her normal household chores nor could she lift the record books at the parish court. Her pain recurred every two or three months, despite the medication and the exercises, and Dr. Chisesi testified that he could not be sure whether the pain would ever completely resolve itself. Dr. Chisesi testified that, because of this accident, Ms. Perniciaro's osteoarthritic condition has become symptomatic. He further testified that but for the accident the aggravation of this condition might not have happened for many hears, if ever. It is true that Dr. Chisesi testified the aggravation could have occurred independently of the accident, but his opinion, which is supported by all of the evidence, was that it was probably caused by the accident.
A defendant takes his victim as he finds him and he is responsible for all the natural and probable consequences of his tortious conduct. See Sansonni v. Jefferson Parish School Board, 344 So.2d 42 (La.App. 4th Cir. 1977); Deville v. United States Fidelity & Guaranty Company, 258 So.2d 694 (La.App. 3d Cir. 1972); Dufrene v. Miller, 266 So.2d 462 (La.App. 4th Cir. 1972); Rachal v. Bankers and Shippers Insurance *396 Company, 146 So.2d 426 (La.App. 3d Cir. 1962); see also, Johnston v. Ford Motor Co., 443 F.Supp. 870 (E.D.La.1978). Where the defendant's negligent action aggravates a pre-existing injury, he must compensate the victim for the full extent of this aggravation. The lower courts here improperly cut off the period for which the plaintiff would be entitled to compensation by attributing Ms. Perniciaro's pain and suffering after the first two or three weeks exclusively to her pre-existing condition. The plaintiff must be awarded damages for activation of the osteoarthritic symptoms which the evidence clearly indicates were caused by the accident.
Under the circumstances of this case an award of $5,000 is the lowest reasonable amount of damages for pain and suffering which the evidence will justify. See Coco v. Winston Industries, Inc., supra; compare, Dobard v. Becnel, 345 So.2d 147 (La.App. 1st Cir. 1977); Boatner v. McCrory Corp., 341 So.2d 1174 (La.App. 1st Cir. 1977); Romero v. Flo-Tel, Inc., 332 So.2d 596 (La. App. 3d Cir. 1976); Johnson v. Ceaser, 304 So.2d 855 (La.App. 4th Cir. 1974); Green v. Taca International Airlines, 293 So.2d 198 (La.App. 4th Cir. 1974); see also, Allen v. Liberty Mutual Insurance Company, 280 So.2d 614 (La.App. 4th Cir. 1973). Accordingly, we award the plaintiff $5,000 in general damages for the cervical and lumbo-sacral strain and the aggravation caused to her osteoarthritic condition. As to the special damages, we find that the court of appeal erred in restricting the medical costs to the first period of treatment. The plaintiff is entitled to all the medical expenses incurred as a result of this accident; and the record demonstrates that Dr. Chisesi's bill was $283, with the emergency room fee being $54.50. The special damages are therefore assessed at $337.50.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiffs, Gertrude Perniciaro, wife of Lucian Perniciaro, and Lucian Perniciaro, and against defendants, Anders K. Brinch and Allstate Insurance Company, in solido, for the sum of $5,337.50, together with interest at the legal rate from the date of judicial demand.
All costs are taxed against Anders K. Brinch and Allstate Insurance Company.
AFFIRMED IN PART AND AMENDED IN PART.
BLANCHE, J., dissents.
NOTES
[*] The Honorable FREDERICK STEPHEN ELLIS participated in this decision as an Associate Justice pro tempore.