LOBRANO, Judge.
This case arises out of a NOPSI bus accident which occurred on January 17, 1977. The sole issue on appeal is whether the trial court’s award of $12,000.00 in general damages is inadequate.
Plaintiff was injured when the bus in which he was riding went out of control and struck a house. NOPSI conceded the issue of liability and the trial was limited to the issue of quantum.
The medical testimony presented at the trial indicates that as a result of the accident plaintiff suffered a cervical strain which aggravated a previously asymptomatic degenerative disc syndrome. This conclusion was reached by the experts for both plaintiff and defendant.
Dr. Dabezies, an orthopedist who testified on behalf of plaintiff, was certain as to the duration of plaintiff’s pain. His estimation is summed up as “the histories of these is that it will settle down.”
Dr. LaRocca, another orthopedist called by plaintiff, was of the opinion that plaintiff would have intermittent bad days when *256 the pain would be more severe. This type of degenerative disease usually establishes itself at a given level more or less indefinitely.
Defendant’s medical experts testified that plaintiff may have sustained a sprain but that it was now healed; that there was no thoracic outlet syndrome and there exists no reason for him not to continue full activities.
Plaintiff attempted to prove through the testimony of various witnesses that his work, social and family activities were curtailed after the accident. Specifically there was testimony that plaintiff, a dentist, found it difficult to remain with his head bent forward as his work necessarily dictated. Plaintiff’s witnesses stated that his gardening had suffered since the accident and that he was unable to play ball with his children after work.
Defendant established that even after the accident plaintiff remained an active sportsman, hunting several times per month with a 12 and 16 gauge shotgun and engaging in the strenuous “camp” activities. Judith Hill, a neighbor, testified plaintiff’s home was the “center of neighborhood activity” during the social hour.
The trial court in its reasons for judgment states,
“This court believes that Dr. Britsch did suffer an injury and symptoms to his right shoulder, wrist and arm during the accident in 1977, however this Court does not believe that the said injury was that serious as testified to by plaintiff’s doctors which seems to indicate that Dr. Britsch has not been extremely seriously injured sufficiently enought to reduce his ability to make a living as a dentist. This court is more inclined to believe that plaintiff did in effect suffer an injury but that said injury lasted for a period of no more than six to seven months. Therefore, this Court feels an award of $12,-000.00 will do justice in connection with this case.”
In the assessment of damages in cases of quasi offenses much discretion must be left to the judge or jury. La.G.G. Art. 1934(3). Before a court of appeal can disturb an award made by a trial court the record must clearly reveal that the trier of fact abused his discretion in making his award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Before an appellate court can disturb a factual finding by the trial court, it must determine that the finding is manifestly erroneous and has no reasonable factual basis. Canter v. Koehring, 283 So.2d 716 (La.1973); Arcenaux v. Domingue, 365 So.2d 1330 (La.1978); Perniciaro v. Brinch, 384 So.2d 392 (La.1980). See also, Reck v. Stevens, 373 So.2d 498 (La.1979).
In the case at bar, there was obviously ample evidence on which the trial court could base its conclusion. There was conflicting testimony both as to the duration of plaintiff’s cervical strain and the effect it had on his activities. The trier of fact gave more weight and found more reliable defendant’s evidence in this regard. Our review of the record convinces us that the trial court’s award of $12,000.00 in this case was not manifestly erroneous and not an abuse of discretion.
AFFIRMED.