CURRAULT, Judge.
This appeal brought by plaintiff, Frank H. Rutherford, arises from a jury award for personal injury damages rendered against defendant State Farm Mutual Automobile Association, plaintiffs uninsured motorist carrier.
On September 3, 1981, at approximately 4:00 p.m., plaintiff, Frank Rutherford, was proceeding west on the I — 10 westbound expressway in heavy traffic. The traffic was stopped or was moving slowly when plaintiffs vehicle, a 1974 Oldsmobile, was struck from the rear by defendant, Bobbie J. Jenkins. As a result, plaintiffs automobile was propelled into a post alongside the expressway. The vehicle driven by defendant, Jenkins, was uninsured.
As a result of physical and emotional injuries allegedly suffered in the accident, plaintiff filed suit on August 24, 1982, against Bobbie J. Jenkins and plaintiff’s uninsured motorist carrier, State Farm Mutual Automobile Association. A jury trial was held on March 15, 1983, at which time liability was not hotly contested, leaving damages as the main issue to be resolved by the jury. Following trial, the jury returned a verdict in favor of plaintiff in the amount of One Thousand Seven Hundred Fifty Dollars ($1750). Subsequently, plaintiff filed a motion for new trial or additur which was denied on April 18, 1983. Consequently, plaintiff perfected this appeal of the jury verdict.
Appellant specifies the following as error by the trial court:
that (1) the award of $1750 for both physical and emotional injuries, medical expenses and loss of earning was a clear abuse of the jury’s discretion; and that
(2) the jury’s failure to award special damages, including loss of earnings and medical expenses, constituted an abuse of discretion.
The guidelines followed by the appellate courts in reviewing damage awards was set out in Reck v. Stevens, 373 So.2d 498 (La.1979), where the court stated:
“Before a court of appeal can disturb an award made by a' trial court, the record must clearly reveal that the trier of fact abused its discretion in making its award.” At page 500.
The courts have repeatedly stated that no two cases are ever fully alike; therefore, to determine whether a jury verdict was an abuse of discretion the court must closely examine the particular facts and circumstances contained in the record. Coco v. Winston, 341 So.2d 332 (La.1976); Reck v. Stevens, supra.
Appellant urges that, given the facts herein, the jury award of general damages was so low as to be an abuse of discretion. Appellant also asserts that the evidence showed that he suffered special damages for medical expenses and loss of earnings *703 which the jury erroneously failed to consider in its award.
The facts reveal that, as a result of the collision, appellant's car was struck from the rear, pushed into the neutral ground and came to rest after striking a post. As a result, appellant was thrown into the steering wheel. He claimed to have experienced immediate pain in his arm, forearm, shoulders and back. However, the police report failed to reflect any complaints at that time. Subsequently, appellant testified the pains got worse; thus he made an appointment with Dr. H.R. Soboloff, an orthopedist, on September 11, 1981. At that time the doctor found restriction of motion and loss of function in the neck and back, especially in rotation of the neck and back, as well as bending. He stated he further found muscle spasm in the lower back and neck with radiation into both sides of the buttock area. He diagnosed the injury, on a scale of mild to severe, as moderately severe in both the neck and back. He considered the lower back injury of major concern and prescribed a muscle relaxant, pain medication and heat. Subsequently, appellant was seen by Dr. Sobo-loff on September 25, October 9, October 27, November 23, December 7, December 21, and, finally, on January 18, 1982. Appellant was advised on the first visit to shorten his workday to four hours and to utilize the heat one hour, three times a day. On the second visit he was maintained on the treatment, but told he could work a little longer, however, to be careful of fatigue. In October, Dr. Soboloff added exercises to the treatment to strengthen and lengthen the back muscles which, as a normal course, shortened as a result of the spasms. On the second visit in October, he changed the medication and started appellant on a daily physical therapy program which lasted two weeks. In November, the patient improved and was told he could work full-time, but to stop when needed. In December appellant was continuing to improve, but the treatment was maintained with the exception of the physical therapy which was discontinued. Later in December, appellant had an acute onset of pain when he turned to pick up a briefcase. He stayed in bed one day, then gradually increased his activities. The doctor restricted his work hours for a few days to a week and treatment continued. In January, appellant still had some soreness in his back, some tightness in bending and in his hamstring muscles, but his neck was objectively normal. He was told to resume his work and recreational activities and no further treatment was rendered. Dr. Soboloff also testified that the injuries temporarily aggravated pre-existing spinal arthritis, the significance of which is that the injury would not heal as quickly as the same injury upon a person without the arthritic condition. Further, in November, the doctor was informed by appellant that he felt depressed. He was given a tranquilizer/muscle relaxant and advised to seek psychiatric counseling. At the time of trial, appellant noted he still occasionally suffered some pain and the doctor testified such residual discomfort was not unusual.
Appellant also produced a psychiatrist, Dr. Robert L. Newman, who testified that appellant suffered a classic case of secondary depression related to the accident. He was treated by Dr. Newman beginning in February, 1982. Dr. Newman recognized, as appellant also testified, that he was under numerous personal stresses prior to and after the accident, but Dr. Newman noted that those stresses became polarized around appellant’s problems with transportation as a result of the accident. For this reason, Dr. Newman believed the accident to be the cause of the depression. However, the evidence shows that appellant was paid Fourteen Hundred Dollars ($1400) by State Farm Mutual Automobile Association for his automobile two weeks following the accident and that, in December, he purchased a neighbor’s car for Twelve Hundred Dollars ($1200). Until that time, appellant rented the car he ultimately bought for Three Hundred Dollars ($300) a month. The arrangement was not fully satisfactory since he did not have full use and access to the car as he was sharing the *704 automobile with his neighbor, but he did have transportation.
Finally, appellant produced evidence on loss of wages as a result of the alleged injuries by producing appellant’s W-2 Forms for 1981 and 1982. Those forms show a drastic reduction of income from Eighty-Four Thousand, Six Hundred Forty-Nine Dollars ($84,649) to Thirteen Thousand, Five Hundred Eighty-Seven Dollars and Forty Cents ($13,587.40) respectively. At the time of the accident, appellant worked for Accounting Personnel Consultants, a Troth, Inc. company. His job consisted of placing administrative personnel in employment vacancies, and his income was based solely on commission. He transferred to another section called Engineering Consultants, placing oil and gas personnel some time in early 1982. His tax return for 1982 showed an income of Ten Thousand Six Hundred Thirty-Seven Dollars and Fifty Cents ($10,637.50) from Accounting Personnel and Two Thousand, Nine Hundred Forty-Nine Dollars and Ninety Cents ($2,949.90) from Engineering Consultants. In September, 1982, he apparently left Troth, Inc. Dr. Newman testified that appellant’s complaints of inability to concentrate or perform job duties from the end of 1981 throughout 1982, herein alleged as a cause of his drop in income, were classic symptoms of depression. On the other hand, Mr. William R. Fagan, appellant’s employer at Troth, Inc., testified that the oil and gas business as a whole suffered an economic depression which severely affected the entire industry. He noted another employee whose income dropped Twenty-Two Thousand Dollars ($22,000) in 1982. Appellant did not provide any other calculations for lost wages.
Under these facts, it is our opinion that as to the issue of general damages, the award for appellant’s physical injury is so low as to be an abuse of discretion. The facts clearly show, and the jury apparently agreed, that appellant suffered compensa-ble damages physically caused by the accident. Yet One Thousand Seven Hundred Fifty Dollars ($1,750) for an injury which required four months of continuous treatment, medical bills of Five Hundred Eighteen Dollars ($518), with loss of work, pain and suffering, some residual effects, and a great deal of inconvenience along with some mental distress as a result, is well below the minimum for the injury sustained.
As to the psychological injury, the jury, in our opinion, did not consider the appellant’s mental condition to have been causally connected to the accident since they failed to award an amount sufficient to cover even the medical expenses in this regard. Our review does not indicate that the jury abused its discretion in so finding.
Finally, on the loss wage issue, we agree with appellant that it is not necessary to show the amount of loss to a mathematical certainty, but only by such proof that reasonably establishes the claim. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971). We think the proof herein does not reasonably establish the claim, or any amount for that matter, and an award under these facts would be speculative.
In conclusion, after a review of the law and the evidence, we affirm the jury verdict insofar as the liability of State Farm Mutual Automobile Association and insofar as the jury verdict failed to award damages related to plaintiff’s psychological condition and lost wages. However, in our opinion, the evidence necessitates an increase in the award for the general damages related to plaintiff’s neck, back and shoulder injuries and find the sum of Four Thousand, Five Hundred Dollars ($4,500) plus Five Hundred Eighteen Dollars ($518) medical expenses reasonable in this regard.[1]
Accordingly, the jury verdict is hereby amended, affirmed and rendered, as amended, to reflect judgment in favor of plaintiff, Frank H. Rutherford, and against defendant, State Farm Mutual Automobile Insurance Company, for the sum of Four *705 Thousand, Five Hundred Dollars ($4,500) plus Five Hundred Eighteen Dollars ($518) in medical expenses, together with interest at the legal rate from the date of judicial demand.
All costs are taxed against appellee, State Farm Mutual Automobile Insurance Company.
AMENDED, AFFIRMED AND RENDERED AS AMENDED.

. Perniciaro v. Brinch, 384 So.2d 392 (La.1980).