ARMSTRONG, Judge.
Plaintiff, Mrs. Obizene Hines Garrett, filed suit against New Orleans Public Service Inc., (“NOPSI”), seeking damages for an injury sustained on a NOPSI bus. After a trial on the merits the trial court rendered judgment in favor of plaintiff. The defendant appeals. We affirm.
On February 18, 1982, plaintiff was a passenger on a NOPSI bus when a plastic light cover fell and struck her over the left ear and on the angle between her left shoulder and her/neck. Plaintiff reported the incident to the operator of the bus and subsequently sought medical treatment for the injury. From shortly after the accident until May, 1982, plaintiff was treated by Dr. Condie. During that time, at NOPSI’s request, she was also seen by Dr. Brown. Plaintiff stopped seeing Dr. Condie in May and did not seek treatment again until six months later when she sought treatment from Dr. Kewalramani.
At trial Dr. Condie, a general practitioner and plaintiff’s first treating physician, testified that he diagnosed plaintiff as suffering from cervical lumbrosacral sprain. Plaintiff’s second treating physician, Dr. Kewalramani, who is board certified in physical medicine rehabilitation, Electro-myography and Electrodiagnosis, testified that when plaintiff sought his medical advice he initially diagnosed her as suffering from myofascial trauma to her left neck-shoulder angle and trauma to the left bra-chial plexus, post traumatic cephalgia and cervical spondylosis. Dr. Kewalramani’s diagnosis was confirmed through the use of x-rays and thermography, and he ultimately concluded that there was trauma to the brachial plexus and to the musculoliga-mentous structures of the neck, which diagnosis was consistent with plaintiff’s accident. Dr. Kewalramani also testified that it is not unusual for injured nerve fibers to continue to cause pain for several years after they are injured.
Plaintiff testified that after the accident she suffered from pain in her shoulder as well as numbness in her shoulder and hand. Plaintiff’s daughter testified that her mother suffered from pain after the accident.
Dr. Gernon Brown, a board certified orthopedist, testified that he was of the opinion that plaintiff did not reveal any objective evidence of injury.
The trial court found NOPSI liable for plaintiff’s injuries. Based in large part on the substantial expert medical testimony provided by plaintiff’s treating physician, Dr. Kewalramani, the trial court awarded *748 the plaintiff $10,000 in damages for pain and suffering, $6,000 in damages for loss of wages, and $2,016 for medical expenses.
NOPSI argues that the $10,000 award of damages for pain and suffering is excessive and inconsistent with the evidence adduced at trial. Appellant bases its argument on the uncontroverted evidence that plaintiff did not see a doctor for six months, the time between the last time she saw Dr. Condie and the first time she saw Dr. Kewalramani.
“In the assessment of damages in cases of quasi offenses much discretion must be left to the judge or jury.” Perniciaro v. Brinch, 384 So.2d 392 (La.1980). Thus the issue becomes, did the trial judge abuse his discretion in making this award to plaintiff.
The record shows that the trial judge took into consideration all of the evidence in making the award. In his oral reasons for judgment the trial judge stated that he was reducing the amount he would normally award under these circumstances because of the six month gap in treatment. Consequently, we have concluded that the trial judge took all of the pertinent facts into consideration and did not abuse his discretion in making this award.
Appellant also claims that plaintiff did not present sufficient evidence to show what her earnings were, or that she would have been able to earn any money after the accident.
At trial, plaintiffs former employer, Mr. Robert Reimsnyder, testified that at the time of the accident plaintiff worked as a cook for him at his restaurant, at a salary of approximately $200 per week. Mr. Reimsnyder also testified that his restaurant went out of business approximately two months after the accident.
Both Drs. Condie and Kewalramani testified that plaintiff was not capable of working as a cook while she was under their care.
Given these facts we believe that plaintiff produced sufficient proof of her loss of earnings. The fact that the restaurant, at which plaintiff was employed, went out of business one month after her accident is irrelevant. Since plaintiff could not work she is entitled to damages for lost wages. In sum we conclude that the trial judge did not abuse his discretion in awarding plaintiff $6,000 for loss of earnings.
Finally, appellant complains that the trial court incorrectly gave more weight to the medical testimony of Dr. Kewalramani, who is board certified in Physical Medicine and Rehabilitation and in Electromyogra-phy and Electrodiagnosis, which deals with diagnosis of neurological derangements,” than to the testimony of Dr. Gernon Brown, a board certified orthopedist. The trial court has discretion in evaluating medical testimony. “Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review ...” Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). The trial judge was apparently more impressed by Dr. Kewalramani’s testimony than by Dr. Brown’s testimony. This is a credibility evaluation and should not be disturbed upon appellate review.
For the foregoing reasons the judgment of the trial court is affirmed. Appellant is assessed for all costs of this appeal.
AFFIRMED.