GAUDIN, Judge.
This case concerns the attempt of Mrs. Carol Dunnaway to collect child support payments which became due during an 18-month period when she had reconciled and was living, along with the couple’s child, in the husband’s domicile. The trial judge refused to aggregate the arrearages and render an executory judgment. We affirm.
The trial judge found that the support furnished by Luther Dunnaway — shelter, food, utilities, etc. — more than offset the amount of child support due, $200.00 per month.
Also, the record contains the repeated testimony of the husband that he actually and in fact made cash payments to his wife during the time they resided together. Mrs. Dunnaway denied this.
Appellant would have us believe her and not Mr. Dunnaway but it is neither the function nor the inclination of appellate courts to evaluate the credibility of witnesses and to overturn factual findings. Before a factual finding can be disturbed, the reviewing court must determine that the finding is manifestly erroneous and has no reasonable foundation. See Pemiciaro v. Brinch, 384 So.2d 392 (La.1980) and many other cases with similar holdings.
Here, the record supports the trial judge’s denial of child support benefits during the 18 months in question.
We affirm the judgment of the district court with Mrs. Dunnaway to bear costs of this appeal.
AFFIRMED.