DUFRESNE, Judge.
This is an action for damages arising out of a vehicular rear-end accident which occurred October 9, 1989, at a stop light at the intersection of Louisiana Highway 90 and LaPalco Boulevard in Jefferson Parish.
Defendant, Shelby Martin, acting within the course and scope of her employment with Winn Dixie Louisiana, Inc. was driving an 18-wheel tractor-trailer which collided into the rear of a pick-up truck, operated by the plaintiff, Robert Pritchett, which his wife, Mrs. Gayle Pritchett was a passenger.
At the close of trial, the court granted plaintiffs’ motion for directed verdict on liability. The court also granted defendant, Winn Dixie’s motion for directed verdict dismissing with prejudice, all claims against the defendant/driver, Shelby Martin. The jury thereafter deliberated and awarded compensation in general damages to Robert Pritchett, in the sum of $4,000.00, for past, present and future physical pain and suffering, and $1,000.00, *292 for past, present and future mental anguish, and for Gayle Pritchett, the sum of $4,000.00 for past, present and future physical pain and suffering, and $500.00, for past, present and future mental anguish.
The Pritchetts have appealed the adequacy of the jury’s general damages award, as a clear abuse of their discretion. Winn Dixie has answered this appeal, seeking modification of the judgment, making it responsible for the cost of empaneling the jury.
In assessing general damages in cases of tort, much discretion is given the trier of fact. Perniciaro v. Brinch, 384 So.2d 392 (La.1980). Before we will disturb such an award, the record must clearly reveal that the trier of fact abused its discretion in making the award based upon the particular injuries and their effect upon the injured victim(s). Perniciaro, supra and Reck v. Stevens, 373 So.2d 498 (La.1979). Scott v. Hosp. Serv. Dist. No. 1, 496 So.2d 270 (La.1986). In this regard, the award will be modified only to the extent of raising it (or lowering it) to the lowest (or highest) amount which is reasonably within the discretion of the jury.
The evidence reflects that Mrs. Martin’s negligence was the proximate cause of this accident causing injuries to the Pritchetts. The extent, nature, and effect therefrom must be gleaned from the record.
QUANTUM — MR. PRITCHETT
Mr. Pritchett was injured when his head struck the back glass of his truck, knocking it from the frame. On the day of the accident he visited Elmwood Medical Center’s emergency room for treatment of headaches, neck and back pain. Days later, on October 14, 1989, he visited Dr. Gerald Miller where he received medication for pain and swelling. Subsequently, he visited Dr. Stewart Altman, who treated him from October, 1989 until April 1990.
Because his back was not improving with conservative care, Dr. Altman prescribed an MRI and referred him to an orthopaedic surgeon. Mr. Pritchett visited Dr. Kenneth Adatto, an orthopaedic surgeon who testified that Pritchett’s October 9, 1989 automobile accident caused two herniated discs at lumbar levels L4-5 and L5-S1. Dr. Adatto testified that “surgery probably would not make it (the back) any better. In other words, the only reason you operate is because the pain, you’re having more bad days than good days.” Dr. Adatto, who saw Mr. Pritchett regularly, assigned a 10-15 percent disability to Mr. Pritchett’s spine and 5-8 percent disability to the whole body.
Mr. Pritchett testified that prior to the accident he had never frequented doctors’ offices. He stated his life now is totally different. He experiences pain in his lower back, that his right leg is going numb, and that it is difficult to sit or stand for any long periods of time. He cannot perform the same mechanic work that he had done prior to the accident, nor can he play sports or maintain his own lawn. Additionally, his sexual activity with his wife has declined.
Following the accident, Mr. Pritchett also began experiencing three to four headaches per week. Due to these headaches, he remained under the care of a neurologist, Dr. Aaron Friedman, for over two years. Dr. Friedman testified that although Mr. Pritchett’s condition has improved, he is still suffering from post-concussive syndrome or post-concussive headaches caused by the accident. He suggested that while the average length of such symptoms was five years, Mr. Pritchett could suffer with headaches for as long as fourteen years.
Dr. Adatto opined that Mr. Pritchett’s injury, pain and disability were caused by the October 9, 1989, automobile accident. Furthermore, the disc disease did not predate this automobile accident.
Further, there is no evidence suggesting that Mr. Pritchett ever had any treatment for a lumbar injury or headaches prior to this accident.
MRS. PRITCHETT
Mrs. Pritchett also alleges injuries from this accident. She testified that she sustained injury to her left hand which has drastically changed her life. After being *293 struck by the Winn Dixie vehicle Mrs. Pritchett’s left hand began to swell.
Mrs. Pritchett was also treated by Drs. Gerald Miller, Stewart Altman and Kenneth Adatto.
Dr. Adatto began treating Mrs. Pritchett on January 4, 1990, when he noted an obvious swelling of the fifth and fourth fingers of the left hand. After reviewing the x-rays, Dr. Adatto diagnosed chip fractures of the fingers which explained the swelling. Dr. Adatto opined that the automobile accident caused these injuries and prescribed physical therapy to assist with healing complaints. Mrs. Pritchett underwent approximately 4 months of physical therapy at the Metairie Physical Therapy Clinic.
Dr. Adatto saw Mrs. Pritchett in January of 1991 and noted that the swelling had almost completely resolved. Dr. Harold Stokes, the independent medical examiner of Winn Dixie gave Mrs. Pritchett a 5-10 per cent permanent partial impairment of the fingers based on the restricted flexor upon a positive finding of the loss of flexor.
Mrs. Prichett testified that due to these injuries she cannot make a complete fist and must avoid frequent use of her left hand. Whenever she does use her left hand, she experiences pain. Furthermore, she indicated that as a result of the accident her husband is a changed man.
After reviewing the evidence, we find a clear abuse of the jury’s discretion. We find the award of general damages to Mr. and Mrs. Pritchett inadequate to compensate them for their physical and mental pain and suffering; disability and loss of consortium caused by this accident.
In this regard, after careful review of the evidence we find that Mr. Prichett is entitled to an award of $45,000, representing the lowest amount which is within the discretion of the trier of fact for the nature and extent of injuries he sustained. With respect to Mrs. Prichett we find the sum of $7,500 as the lowest amount for her physical injuries and $1,000 for her loss of consortium. Further, all related medical bills shall be paid.
Winn Dixie’s issue regarding casting of jury cost is without merit. After requesting the jury, Winn Dixie shall be responsible for its cost.
DECREE
For Robert Pritchett
General Damages $45,000
Medical Expenses 5,072
Total: $50,072
For Gayle Pritchett
General Damages $ 7,500
Loss of Consortium 1,000
Medical Expenses 5,069
Total: $13,569
For the reasons set forth above, we find the jury abused its discretion in the award of general damages; accordingly, the jury award is amended as above. All costs are assessed to Winn Dixie.
AMENDED AND AFFIRMED.