874 So.2d 874 (2004)
Octavia RILEY
v.
Coleen SALLEY, State Farm Mutual Automobile Insurance Company as the Liability and U/M Carrier.
No. 2003-CA-1601.
Court of Appeal of Louisiana, Fourth Circuit.
April 21, 2004.
*875 Laurence Cohen, E. Eric Guirard Injury Lawyers, New Orleans, LA, for Plaintiff/Appellee.
Gerard J. Dragna, Gerald J. Talbot, Frederick A. Miller & Associates, Metairie, *876 LA, for Defendants/Appellants, Coleen Salley and State Farm Mutual Automobile Insurance Company.
Joseph M. Messina, Lynn C. Gilreath, Lobman, Carnahan, Batt, Angelle & Nader, New Orleans, LA, for Defendant/Appellant, State Farm Fire and Casualty Company.
(Court composed of Judge DENNIS R. BAGNERIS SR., Judge TERRI F. LOVE, and Judge DAVID S. GORBATY).
Judge DENNIS R. BAGNERIS SR.
Coleen Salley ("Salley") and her insurer, State Farm Mutual Automobile Insurance ("State Farm Mutual") seek to reverse the trial court's judgment rendered in favor of the plaintiff Octavia Riley ("Riley") for damages she sustained as a result of an automobile accident. We affirm.

FACTS
On October 1, 1999, Riley was involved in a two-vehicle accident at the intersection of Chartes Street and Esplanade Avenue in New Orleans, Louisiana. Riley was struck by another vehicle driven by Salley while she traveling southbound on Esplanade Avenue. Salley ran a stop sign and struck Riley's vehicle. Riley sustained injuries as a result on the accident.
Riley filed a lawsuit against Salley and her insurer, State Farm Mutual for damages for negligence. Prior to trial, all parties stipulated to liability on the part of Salley in causing the October 1, 1999 accident. The trial court rendered judgment in favor of Riley and against Salley and State Farm Mutual in the amount of $137,652.60. Salley and State Farm Mutual appeal.

DISCUSSION
On appeal, Salley and State Farm Mutual contends the trial court erred in finding that Riley's neck injury and he resulting surgery was caused by the October 1, 1999 automobile accident. Salley and State Farm Mutual argues that Riley failed to present any evidence to support the trial court's finding of liability on the part of Salley and State Farm Mutual for causing Riley's injuries. Further, that Riley failed to present evidence to sustain her burden of proof on the issue of medical causation thus the trial court's judgment should be reduced. We disagree.
Salley and State Farm Mutual contends that in order for Riley to prevail she had to establish a causal relationship between October 1, 1999, accident and the injury of her herniated disc at C4-5 she claimed she sustained as a result of the accident. We disagree. Further, they argue that Riley had to produce medical testimony at trial to meet her burden. Specifically, they argue she had to prove through medical testimony that it was more probable than not that the accident caused that injury or aggravated a previous injury to the extent that she required surgery. We find that the medical testimony during the trial proved it was more probable than not that the accident caused Mrs. Riley's injury or aggravated her previous injury to the extent that she needed surgery.
In Louisiana tort cases and other ordinary civil actions, the plaintiff, in general, has the burden of proving every essential element of his case, including the cause-in-fact of damage, by a preponderance of the evidence, not by some artificially created greater standard. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971); See Prosser, Torts, § 41, p. 269 (5th ed.1984); 2 McCormick, Evidence, § 339 (4th ed.1992); 9 Wigmore, Evidence, §§ 2497, 2498 (3d ed.1940). Proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a *877 whole, such proof shows that the fact or causation sought to be proved is more probable than not. Jordan v. Travelers Insurance Company, 245 So.2d at 155; See Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276 (1964); Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395 (1963); Perkins v. Texas and New Orleans Railroad Co., 243 La. 829, 147 So.2d 646 (1962). See also: Sanders, The Anatomy of Proof in Civil Actions, 28 La.L.Rev. 297 (1968); James, Civil Procedure, Section 7.6 at pp. 250-51 (1965); Prosser on Torts, Section 41 at pp. 245-46 (3d ed., 1964); McCormick on Evidence, Section 319 at pp. 676-77 (1954); Malone, Louisiana Workmen's Compensation, Section 252 at pp. 293-294 (1951). 625 So.2d 1002, Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La.1993).
The defendant's liability for damages is not mitigated by the fact that the plaintiff's pre-existing physical infirmity was responsible in part for the consequences of the plaintiff's injury by the defendant. It is clear that a defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. Perniciaro v. Brinch, 384 So.2d 392, 395 (La. 1980); Sansonni v. Jefferson Parish School Board, 344 So.2d 42 (La.App. 4th Cir.1977); Deville v. United States Fidelity & Guaranty Company, 258 So.2d 694 (La.App. 3d Cir.1972); Dufrene v. Miller, 266 So.2d 462 (La.App. 4th Cir.1972); Rachal v. Bankers and Shippers Insurance Company, 146 So.2d 426 (La.App. 3d Cir.1962); see also Johnston v. Ford Motor Co., 443 F.Supp. 870 (E.D.La.1978). The defendant is liable for the harm it causes even though under the same circumstances a normal person would not have suffered that illness or injury. When the defendant's tortious conduct aggravates a pre-existing condition, the defendant must compensate the victim for the full extent of the aggravation. American Motorist v. American Rent-All, 579 So.2d 429 (La.1991); Walton v. William Wolf Baking Company, Inc., 406 So.2d 168 (La. 1981); Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Reck v. Stevens, 373 So.2d 498 (La.1979).
It is well settled that a Court of Appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). When there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Lirette v. State Farm Ins. Co., 563 So.2d 850, 852 (La.1990); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). Therefore, the issue for the reviewing court is not whether the trier of fact was wrong, but whether the fact-finder's conclusions were reasonable under the evidence presented. Rosell, 549 So.2d at 844-45. Touchard v. Slemco Elec. Foundation, XXXX-XXXX (La.10/17/00), 769 So.2d 1200.
In the instant case, our review of the record reveals that Riley met her burden of proving that he physical injuries were caused by the accident. Riley had previously received physical therapy for a pre-existing condition. After the October 1, 1999 accident she experienced increased cervical pain, loss of sensation in her C-6 dermatome pattern and weakness in her right arm. Riley's treating physician conducted a myelogram, which indicated she had spinal cord compression on the right side of her cervical spine. Accordingly, we find that Riley is entitled to recover damages for her physical injuries *878 and aggravation of her preexisting condition.

GENERAL DAMAGES
The standard for appellate review of general damages awards is difficult to express as it is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from the jurisprudence is that the discretion vested in the trier of fact is "great" and even vast, so that an appellate court should rarely disturb an award of fact. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) Ballard v. National Indem. Co. of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967).
In Reck v. Stevens, 373 So.2d 498 (La.1979), the Louisiana Supreme Court commented on appellate review of general damage awards and on the "much discretion" in fixing damages accorded to trial courts by La.Civ.Code art. 1934(3)(1870). The decision pointed out that the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
In Reck supra, the Supreme Court disapproved the appellate court's simply reviewing the medical evidence and then concluding that the award for those injuries was excessive, without taking into consideration the particular effect of the particular injuries on the particular plaintiff. Further, the Supreme Court disapproved of the use of a scale of prior awards in cases with generically similar medical injuries to determine whether the particular trier of fact abused its discretion in the awards to the particular plaintiff under the facts and circumstances peculiar to the particular case.
The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of general damages. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993).
The courts of appeal have a constitutional duty to review the law and facts and thereafter render a judgment on quantum based on the merits, determining whether the jury has abused its "much discretion" that the law accords it in awarding damages. La. Const. art. 5, s 10(B); La. Civil Code art. 1934(3); Temple v. Liberty Mutual Ins. Co., 330 So.2d 891 (La.1976). In the assessment of damages in cases of offenses and quasi offenses, much discretion must be left to the judge or jury, and before an appellate court can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making its award. In the event the appellate court finds from the record an abuse of discretion, the award may be disturbed by lowering it to the highest point, which is reasonably within the discretion afforded the trier of fact. Carollo v. Wilson, 353 So.2d 249 (La.1977); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
*879 In order to determine whether the general damages award shocks the conscience, the court should look to the individual circumstances of the case. In Re Medical Review Panel Bilello, 621 So.2d 6, 10 (La.App. 4 Cir.1993), writ denied, 629 So.2d 1139 (La.). In effect, the award must be so high or so low in proportion to the injury that it "shocks the conscience." Moore v. Healthcare Elmwood, Inc., 582 So.2d 871 (La.App. 5 Cir.1991).
In the instant case, Riley was awarded $137,652.00 in general and special damages. The trial court was well within its discretion to award $137,652.00. We find that the award in no way shocks the conscience. Therefore, we find no error in the trial court's judgment, which the plaintiff was awarded $137,652.00 in general, and special damages. Accordingly, we affirm the trial court's judgment.
AFFIRMED.
LOVE, J., RESPECTFULLY CONCURS WITH REASONS.
LOVE, J., respectfully concurs with reasons.
I respectfully concur with the majority; however, I write to separately emphasize that the jury was within its discretion in the award.
The jury found that Ms. Riley was injured in the accident on October 1, 1999 and concluded that the accident aggravated Ms. Riley's pre-existing condition, precipitating the need for surgery. Ms. Riley's health care providers all testified that Ms. Riley suffered from a pre-existing injury. Dr. John Steck, Ms. Riley's neurologist, provided the basis for the causal connection between the injury and the accident in the instant case. Dr. Steck testified that if Ms. Riley experienced new symptoms after the accident, he would conclude that the accident caused her aggravation. Ms. Riley testified to new symptoms on her October 7, 1999 visit. Dr. Steck also found that Ms. Riley's pain was worse after the accident and that her failure to respond to physical therapy was evidence that the accident contributed to Ms. Riley's injuries. However, when specifically asked about Ms. Riley's accident. Dr. Steck testified that he believed that the automobile accident was a minor aggravation to Ms. Riley's condition. Although, he further testified that he did not believe that the accident played a significant role in the need for surgery, he did testify that, being knocked sideways onto the neutral ground, was the precipitating factor in causing Ms. Riley's cervical disc to begin compressing on her spine.
Ms. Riley explained to the jury how her symptoms changed shortly after her trauma on October 1, 1999. She replayed her collision experience to the jury. She detailed how, on impact, she struck her head on the glass and the visor and she was transported to West Jefferson Medical Center Emergency Room with neck and back pains. As it pertains to her physical therapy with Gavin Matthews, she further testified, "It wasn't doing the job ... I wasn't getting relief from it." Ms. Riley also testified that after the accident, her physical problems began on the right side, the same side as the compressed cord. She explained to the jurors how urgent Dr. Steck was about surgery after the accident, as opposed to his pre-collision demeanor.
The jury found that Ms. Riley's injuries were aggravated by the automobile accident and that it caused the plaintiff to have surgery. Their verdict should not be reversed if the verdict was reasonably supported by evidence. Burkett v. Crescent City Connection, 98-1237 (La.App. 4 Cir. 2/10/99), 730 So.2d 479, 483. The jury was *880 in a better position to determine the credibility of the Dr. Steck's and Ms. Riley's testimony and their award should therefore be affirmed. See Id.
As to the award of damages, the standard of appellate review of a damage award is also manifest error. Clement v. Griffin, 91-1664 (La.App. 4 Cir. 3/3/94), 634 So.2d 412, 441. The appellate court should not determine whether a different award is more appropriate. Id. at 442. An award should not be disturbed where it is reasonably supported by the evidence in the record. Id. However, the court must, under the Louisiana constitution, determine whether the jury has abused its "much discretion" by reviewing the individual circumstances and not prior awards. Id. When determining if an award is excessive, the evidence must be viewed in the light most favorable to the plaintiff. Id.
Ms. Riley attempted physical therapy, which was unsuccessful. She was therefore required to have neck surgery to correct a spinal cord compression caused by the accident. As a result of this accident, Ms. Riley was required to undergo radiological testing. During the test she had an adverse reaction to the dye and was admitted to the hospital for two days. Ms. Riley also testified that she had another adverse reaction after surgery making the process more difficult. She also testified that she missed approximately five weeks of work. Despite relief of the more severe symptoms, Ms. Riley continues to suffer from a stiff neck. After reviewing the evidence introduced at trial of Ms. Riley's injuries and viewing it in the light most favorable to her, the award of $100,000 in general damages is reasonable.