LANDRIEU, J.,
dissents with reasons.
hi respectfully dissent. Whether the alleged unreasonably dangerous condition of this stair is a cause-in-fact of an injury is a question of fact, and the plaintiff has sufficient evidence to proceed to trial.
The plaintiff can meet her burden of proof on the issue of causation by establishing that it is more probable than not that the defect was a proximate cause of her fall. It need not be the only cause. “Proof by direct or circumstantial evidence is sufficient to constitute a preponderance of evidence when, taken as a whole, such proof shows that the fact or causation sought to be proved is more probable than not.” Norfleet v. Lifeguard Transportation Service, Inc., 2005-0501, pp. 4-5 (La.App. 4 Cir. 5/17/06), 934 So.2d 846, 852 (citing Riley v. Salley, 2003-1601, p. 2 (La.App. 4 Cir. 4/21/04), 874 So.2d 874, 876).
Here, the plaintiff introduced expert testimony that the rise of the stair was in violation of the applicable building code and created an “unreasonable trip hazard.” She also has presented evidence that she fell as she traversed this stair and sustained an injury to her ankle. It is undis *690 puted that she was taken to the emergency room immediately after her fall, and was admitted to the hospital where she underwent surgery to repair her broken ankle. Dr. Keppel, the plaintiffs treating physician, testified in deposition that “... a fall of the type that she |2sustained — could have caused these injuries.” He further testified that the kind of injury sustained by the plaintiff is typically caused by a “turning in of the foot or a twisting type of event of the foot. In this case, she had a spiral fracture, so she had some type of twisting action to the foot.” The difficulty here is that Mrs. D’Angelo testified that after exiting through the doorway and stepping down, she put her foot on the cement driveway, heard a pop, and fell. The defendants conclude that this is a flat footfall, not a trip, and had nothing to do with the fact that the step had an allegedly defective rise. The trier of fact could reasonably conclude otherwise, however. See, e.g., Independent Fire Insurance Co. v. Sunbeam Corporation. 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226.
On motions for summary judgment, the trial court must draw from the undisputed facts those inferences that are most favorable to the party opposing the motions. In viewing the evidence in the light most favorable to the plaintiff and considering the totality of the evidence, both direct and circumstantial, the question of causation here is a question to be determined by the trier of fact.
Therefore, I would reverse the granting of the summary judgments and remand for trial.